ANNIE FUSARIS vs. MARIA CAVALLARO.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Although the defendant was enjoined by order of court to remove from her land a post and gate which obstructed a right of way existing by prescription in favor of the plaintiff, she did neither; nor, when the plaintiff's husband took up the post, did she

fill in the hole which was left. While walking through the passway, the plaintiff's clothing became entangled in the gate in such a manner that her foot caught in the hole and she fell, receiving the injuries for which she brought the present action. *Held:*

1. That the general rule that the owner of the servient tenement is under no duty to keep a right of way in repair, had no application to the present defendant, upon whom the obligation was imposed by judicial decree.

2. That the plaintiff for whose benefit the injunction was issued, was entitled to recover damages for the injuries proximately caused by the defendant's violation of its terms.

3. That the partial removal of the obstruction by the plaintiff's husband did not excuse the defendant from full compliance with those terms.

4. That the erroneous reference in the injunction to the removal of the obstruction from the "plaintiff's land," could not have misled the defendant and did not justify her failure to observe it.

Argued June 8th—decided July 25th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant and by a nuisance maintained by her, brought to the Superior Court in New Haven County and tried to the court, *Wolfe, J.;* judgment for the plaintiff for $1,000, and appeal by the defendant. *No error.*

*Walter J. Walsh,* with whom was *John J. Sullivan, Jr.,* for the appellant (defendant).

*Thomas R. Robinson,* for the appellee (plaintiff).

BANKS, J. The plaintiff and the defendant own adjoining pieces of land on Congress Street in the city of New Haven. Prior to December 5th, 1924, the plaintiff had acquired a prescriptive right of way over a two-foot strip of land belonging to the defendant between the buildings on her land and that of the defendant, and the defendant had attached to the southeast corner of the building on her land an iron gate one foot and nine inches wide, and had erected an

Fusaris v. Cavallaro.

iron post a few inches west of plaintiff's building at the entrance of the passway, for the purpose of fastening the free end of the gate which interfered with the use of the passway by the plaintiff and her tenants. On December 5th, 1924, a temporary injunction was issued restraining the defendant from maintaining this gate and commanding her to remove it and the post and to refrain from interfering with the use of the passway. Immediately thereafter the plaintiff's husband removed the post, but the defendant failed to remove the gate and neglected to fill in the hole in which the post had stood. On January 5th, 1925, in the evening, as the plaintiff was going along the passway, a sweater which she was wearing became entangled in a hook on the free edge of the gate, which swung backward drawing her with it in such manner that one of her feet caught in the hole from which the post had been removed, and she fell sustaining the injuries of which she complains.

The trial court reached the conclusion that the maintenance of the gate was an unlawful obstruction of the plaintiff's rightful enjoyment of her easement, constituting a nuisance, and was the proximate cause of her injuries. That the existence of the gate constituted an obstruction of the plaintiff's right of way, and was the proximate cause of her injuries, are conclusions which the trial court was fully justified in reaching upon the facts found and which cannot be disturbed.

The chief contention of the defendant seems to be that she was under no legal duty to the plaintiff to remove this obstruction, and therefore not responsible for the consequences of its continued existence. In support of this contention the appellant cites cases which hold that, as a general rule, it is the duty of the owner of a right of way over the land of another

Fusaris *v.* Cavallaro.

to keep it in repair and that no such obligation rests upon the owner of the servient tenement. Such rule has no application to the situation here disclosed. The duty resting upon the defendant to remove this gate was one which was directly imposed upon her by the injunction order of the court, and the violation of that order subjected her to the payment of the damages which proximately resulted therefrom to the plaintiff, upon whose complaint and for whose benefit the order was issued. *Gorham* v. *New Haven,* 79 Conn. 670, 66 Atl. 505.

The defendant also says that the plaintiff had the right to remove the obstruction to her right of way, which her husband did in part by pulling up the post, and that the defendant had the right to assume that the plaintiff was satisfied with the condition of the passway as it then existed. The partial abatement of the nuisance by the plaintiff's husband did not relieve the defendant of the obligation to remove the gate as required by the injunction, nor justify her failure to do so upon the assumption that the plaintiff was satisfied with the situation as it existed after the removal of the post.

The injunctive decree commanded the defendant to remove the gate "from the plaintiff's land." The defendant suggests that there was no violation of the injunction, since the gate was upon her own land. It is of course obvious that there was but one gate that was the subject-matter of the controversy, and that the apparent error in the wording of the injunction did not prevent it from being clear and explicit, and cannot justify defendant's failure to obey it. *Walden* v. *Siebert,* 102 Conn. 353, 359, 128 Atl. 702.

There is no error.

In this opinion the other judges concurred.