WELLINGTON B. SMITH ET AL. *vs.* FREDERICK A. JEW-
ELL ET AL.

First Judicial District, Hartford, January Term, 1898.  ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A demurrer will lie if the complaint shows on its face that the action is
   prematurely brought.
An action in the nature of *scire facias* to recover the amount of the
   penalty specified in a temporary restraining order, if maintainable
   at all, cannot be maintained until the injunction suit has been tried
   and final judgment been rendered therein.
The fact that the defendant's motion for a dissolution of the temporary,
   *ex parte* injunction had been denied, and that he had been adjudged
   guilty of contempt and fined for disobeying the injunction order,
   are of no avail to the plaintiff in his action of *scire facias.*
The case of *Rogers Mfg. Co.* v. *Rogers,* 38 Conn. 121, commented on and
   distinguished.

Argued January 4th—decided March 9th, 1899.

ACTION in the nature of *scire facias* to recover the amount
of a penalty for the violation of a temporary injunction ob-
tained by the plaintiffs, brought to the Court of Common
Pleas in Litchfield County and tried to the court, *Welch, J.,*
upon the defendants' demurrer to the complaint; the court
sustained the demurrer, held the complaint insufficient, and
rendered judgment for the defendants, from which the plain-
tiffs appealed for alleged errors in the rulings of the court.
*No error.*

The plaintiffs alleged that on the 19th day of January,
1897, they brought a civil action to the Court of Common
Pleas in and for Litchfield county, at the term thereof to be
holden on the first Tuesday of the ensuing February; that in
their complaint in said action they claimed, for the reasons
therein set forth, an injunction against the present defendants
and divers others, restraining and enjoining them and each
of them, and particularly the said Frederick A. Jewell, from
occupying or using the plaintiffs' room or law office in the
town building in New Hartford, as is more fully set forth in

the said injunction suit annexed to and made part of the present complaint. They alleged, also, that on the 19th day of January, 1897, the judge of said Court of Common Pleas issued an order of temporary injunction, strictly commanding and enjoining all of the therein defendants, " under a penalty of one thousand dollars, that they do not occupy the said office room of the plaintiffs ; " and that the said civil action, writ and complaint, and said injunction were duly served on each of the defendants therein named. They further alleged that Frederick A. Jewell and Henry J. Tucker, defendants in the present action, and who were also defendants in the said injunction suit, have not obeyed said injunction, but have utterly refused to comply with the same and have refused to desist from occupying the plaintiffs' said room; and that the said injunction enjoining the defendants Jewell and Tucker against doing the acts set forth in the said complaint, under a penalty of $1,000, has never been reversed, and said penalty of $1,000 has never been changed, reversed or set aside, and no part of said penalty for the violation of said injunction has ever been paid to the plaintiffs. The present complaint claims $1,000 damages.

The said writ of injunction, with the injunction order thereon, is annexed to the complaint and made a part thereof. The material parts of said order are as follows : —

" Now therefore, by authority of the State of Connecticut, you, the said (naming all the defendants) are each and all of you, under a penalty of one thousand dollars, hereby strictly commanded and enjoined that you do not occupy the said office room, etc. . . . until the next Court of Common Pleas for Litchfield county, to be holden in and for said county on the first Tuesday of February, A. D. 1897, and until such Court of Common Pleas shall make further order and decree in the premises."

It appears that said order of injunction was issued *ex parte.* There was afterwards, upon a motion to dissolve the said temporary injunction, a modification thereof, but the judge refused to dissolve it.

At the September term, 1897, of the said Court of Common

Pleas, the plaintiffs in the injunction suit (being the plaintiffs in the present action) made their application and motion to the court that the defendants in the said injunction suit (being the defendants in this suit) be attached for contempt for disobeying the said order of injunction; and thereupon such proceedings were had that the said court adjudged the defendant Jewell to be guilty of contempt and ordered that he pay a fine and the costs.

It also appears that the said injunction suit is still pending in the said Court of Common Pleas and has never been tried, nor has any judgment therein been rendered. The defendants in the present action demurred to the complaint, "because it appears therein that the damages sought to be recovered are for an alleged violation of a temporary injunction issued in an action which is still pending in said court." The court sustained this demurrer, and rendered judgment that the complaint was insufficient, and for the defendants to recover their costs. The plaintiffs have appealed to this court.

*Leonard J. Nickerson,* for the appellants (plaintiffs).

*Samuel A. Herman,* for the appellees (defendants).

ANDREWS, C. J. The demurrer was the appropriate means to present the defect in the complaint claimed by the defendants. If it appears on the face of the complaint that the action is prematurely brought, it is fatal on demurrer. Gould, Pl. Chap. V, §§ 137, 138; *Southey* v. *Dowling,* 70 Conn. 153, 157.

We think there is no error in the judgment of the Court of Common Pleas upon the demurrer. The complaint does not show any final judgment in favor of the plaintiffs. A *scire facias* does not lie except on a judgment or some matter of record in the nature of a judgment. In the case of *Smyth* v. *Ripley,* 32 Conn. 156, 157, JUDGE DUTTON said, speaking of a writ of *scire facias :* It is not an original process; "it is more like a writ of execution, a bill of revivor, and other similar proceedings, the object of which is to carry into effect some

Smith et al. *v.* Jewell et al.

judgment previously rendered." In *Sherwood* v. *Stevenson*, 25 Conn. 431, 438, CHIEF JUSTICE STORRS said, speaking also of a writ of *scire facias :* "It is really only a proceeding auxiliary to, and instituted by statute for the enforcement and collection of, the judgment rendered in the original action on which it is founded." In 1 Swift's Digest (top page), 596, it is said : "The writ of *scire facias* may issue from judgments, recognizances and bail bonds. When founded on judgments, or recognizances, which being solemnly acknowledged and entered of record in a court of justice, are considered as judgments, it is deemed a judicial writ, and is intended to carry such judgments into effect." So, in 6 Bac. Abr. p. 102, it is stated : "A *scire facias* is deemed a judicial writ, and is founded on some matter of record, as judgments, recognizances, and letters patent, on which it lies to enforce the execution of them, or to vacate or set them aside." And at p. 108 : "Recognizances and statutes are considered as judgments, being obligations solemnly acknowledged, and entered of record, and the *scire facias* on those is the judicial writ, and the proper remedy the conusee hath." See also 19 Vin. Abr. p. 280, and 14 Pet. Abr. p. 370.

The practice in this State has uniformly been according to the rule so stated. Every case of *scire facias* upon judicial proceedings reported in our reports, shows that there has been a judgment of some proper court upon which it has been brought. As said above, *scire facias* must be founded on some judgment record. A record in judicial proceedings always includes a judgment. It is a precise history of the suit from its commencement to its termination, including the conclusion of law therein, drawn up by the proper officer for the purpose of perpetuating the exact state of facts. *Davidson* v. *Murphy*, 13 Conn. 213, 219. A judgment is the termination and sentence of the law pronounced by the court upon the matter contained in the records. 3 Black. Com. 395. And unless there is a judgment there is nothing on which a *scire facias* can be brought. The record before this Court shows that the injunction suit is still pending in the Court of Common Pleas, and has never gone into final judgment.

The plaintiffs argue that because there has been contempt proceedings and a sentence thereon against the present defendants that they should pay a fine and costs, that in some way that sentence operates as a judgment in their favor on which they may bring *scire facias*. This court is not able to perceive any ground on which that argument can rest. That sentence was in favor of the State, to vindicate the dignity of the court. The plaintiffs would hardly claim that they and the State are identical, or that a judgment in favor of the State was also a judgment in their favor. So far as the matters set forth in the injunction complaint, or so far as the penalty named in the *ex parte* order of injunction, are concerned, that judgment gave the plaintiffs nothing. That judgment was not upon any of the matters upon which this *scire facias* is supposed to be based.

The order of temporary injunction may be regarded as an interlocutory judgment of the Court of Common Pleas, for the judge who granted it was acting for the court and in the exercise of the judicial powers confided to the court. But to enforce such a judgment, while the suit upon which it was rendered is still pending, the writ of *scire facias* is not an appropriate remedy. The plaintiffs should have applied to the court in the original action. Interlocutory judgments are subject to modification or revocation by the court which rendered them, at any time during the subsequent progress of the cause. Applications to enforce them afford an opportunity, and often an occasion, for action of that nature. Wherever it is reasonably practicable the rights of parties to a judicial proceeding, respecting all matters growing out of it, should be settled in that proceeding, and multiplicity of suits avoided.

There is, therefore, no occasion to determine whether, had the main action resulted in a judgment for the defendants and this *scire facias* then been brought, the plaintiffs could have recovered. If so, it would have been because a final judgment had been rendered not inconsistent with the interlocutory one.

The plaintiffs further argue that they are entitled to have

Smith et al. *v.* Jewell et al.

and maintain the present writ, upon the authority of certain words found in the opinion of this court in *Rogers Mfg. Co.* v. *Rogers,* 38 Conn. 121, 123, 124. That was a case where the defendant had been sentenced to pay a fine for disobeying a temporary injunction against the use of certain trademarks and a trade name; and the Superior Court reserved for the advice of this court, among other questions, this one; whether the fine may be legally divided and apportioned between the injured petitioners and the State? In answer to this question, and as a reason why the fine should not be so divided, the judge who gave the opinion said: "In addition to fine and imprisonment, the penalty may also be enforced by *scire facias* in favor of the petitioner, in cases where an act is prohibited under a penalty to be paid to him, for the fine and imprisonment are merely punitive, inflicted, as other punishments are inflicted, for the public good, in order to secure obedience to lawful authority."

The statement of the case then under consideration does not show that in the order of temporary injunction any penalty at all had been named. So that the language of the judge above quoted was used generally and by way of argument, and not as a conclusion from the facts of that case. This very language indicates, and the next paragraph of the opinion makes it certain, that the judge, when speaking of a *seire facias,* had in mind a case in which there had been a final hearing and a judgment, not a case where "the rights of the parties are still in litigation and undecided." This case is not an authority in favor of the plaintiffs.

So, too, the language cited from 2 Swift's Digest, top page 281, is of the same nature. The author there is speaking of a disobedience of a perpetual, not a temporary, injunction, and of some penalty therein named, where he mentions that a *scire facias* may be brought to recover the penalty. It is hardly to be supposed that the second volume of Swift's Digest is designedly intended to be an authority against a rule of law it has stated in the first volume.

There is no error.

In this opinion the other judges concurred.