CHARLES E. GORHAM *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, April Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A plaintiff who has obtained an injunction against the pollution of a stream, is not entitled in a subsequent suit to recover damages for its continued pollution under one count, and also the penalty prescribed for a violation of the injunction under another.   Under such circumstances there is but one injury, *viz,* the pollution of the stream, the remedies for which are alternative.

Before beginning the trial upon such a complaint, the court, upon motion of the defendant, required the plaintiff to elect upon which count he would proceed.   Thereupon the plaintiff elected the count for damages, but stated that he reserved his right to a subsequent trial upon the count for the injunction penalty.   The court declined to pass upon the legality of such reservation, and after obtaining a verdict for damages in excess of the penalty, the plaintiff was permitted to withdraw the count for such penalty. *Held* that, assuming the court was right in requiring the plaintiff to elect, concerning which no question was raised, the defendant was not harmed by the condition which the plaintiff attempted to impose in making his election; nor was he entitled to a retrial merely because it was possible that if the court had insisted upon an election without qualification or condition, the plaintiff might have chosen to go to trial upon the count for the penalty prescribed in the injunction, which was for a smaller sum than the verdict.

The question of a misjoinder of causes of action can be properly raised only by demurrer.

Gorham *v.* New Haven.

Evidence that the tortious acts complained of had been enjoined in a judgment still in force between the parties is admissible to show wilfulness or gross negligence on the part of the defendant, and to lay a foundation for the recovery of punitive damages.

The testimony of the judge who tried and decided a former action between the same parties is admissible to show what issues of fact, which might properly have been determined in such former action, were in fact so determined, if the record itself does not show.

In an action for polluting a stream running through plaintiff's dairy farm, evidence of the extent of his milk business before the pollution, and of the amount possible to be done during the continuance of the pollution, is admissible to show the amount of damage.

In such an action, evidence is admissible that there were numerous typhoid fever cases on the premises from which the pollution came, even without proof that the typhoid germs actually reached plaintiff's farm; nor need it necessarily appear that plaintiff used the stream for drinking purposes during the pollution, since such use under those circumstances was not to have been expected.

Argued April 9th—decided May 1st, 1907.

ACTION to recover damages alleged to have been caused by the pollution of a stream flowing through the plaintiff's dairy farm, brought to the Superior Court in New Haven County and tried to the jury before *Roraback, J.;* verdict and judgment for the plaintiff for $2,300, and appeal by the defendant. *No error.*

*Leonard M. Daggett,* with whom was *James Kingsley Blake,* for the appellant (defendant).

*Henry G. Newton* and *Ward Church,* for the appellee (plaintiff).

HALL, J. The complaint, dated August 20th, 1904, contained originally but one count. The second count was added by amendment April 28th, 1905.

The first count as amended alleges, in substance, that ever since November 7th, 1899, the defendant has polluted a stream running across the plaintiff's dairy farm, by depositing therein the sewage from the "Springside Home," where the poor of New Haven are kept, and from the

washhouse and piggery connected therewith, whereby the plaintiff has been unable to use his farm for pasturage purposes and has been deprived of the benefit of it, and on account of which the profits therefrom have been reduced and several of his animals have died; that the defendant was enjoined against the further pollution of said stream by a judgment of the Superior Court rendered November 7th, 1899, and has since wilfully and wantonly continued such pollution.

The second count sets forth the record of said former action in the Superior Court between the same parties, including the judgment rendered November 7th, 1899, enjoining the defendant, under a penalty of $1,000, against further polluting said stream by causing or permitting any of said sewage or drainage to flow into it, and alleges a violation of said injunction.

The complaint asks for $10,000 as the damages, "including exemplary damages" sustained by the acts described in the first count, and $1,000, "being the penalty of the injunction set forth in the second count."

Demurrers to the second count and to said prayers for relief having been overruled (which rulings are not made reasons of appeal), and the defendant having filed its answer to both counts, the court, upon the defendant's motion, before any evidence was introduced, ordered the plaintiff to elect upon which count of the complaint he sought to recover. The plaintiff thereupon moved that the issues framed upon the second count be withdrawn from the jury. The court declined to pass upon this motion, and called upon the plaintiff to elect upon which count he would proceed to trial. The plaintiff, claiming to do so without waiving any right to a trial of the issues framed under the second count, elected to proceed to trial to the jury upon the first count. The defendant objected to any reservation by the plaintiff of a right to a subsequent trial of the issues framed under the second count. The court required the plaintiff to make no other election than that above stated. After the verdict and before the judg-

ment, the court, against the defendant's objection, permitted the plaintiff to amend the complaint by striking out the second count and the second claim for relief.

The defendant claims that by these rulings the court enabled the plaintiff to speculate upon the chances of recovering the penalty for a violation of the injunction by subsequent proceedings under the second count, in case he should not be satisfied with the amount which the jury might award him under the first count.

We are satisfied that the defendant was not so prejudicially affected by these rulings as to entitle it to a new trial. They were in effect favorable to the defendant. Assuming that the defendant was entitled to have the plaintiff elect upon which count he claimed to recover, as to which no question is made before us, it is difficult to see how the defendant has been injured, or was placed at a disadvantage, by the fact that in making his election the plaintiff attempted to reserve the right of a possible future trial of the issues raised under the second count. The court did not decide whether or not the plaintiff could reserve any such right, by making the election in the form he did, nor was it required to do so, nor to decide whether there was a misjoinder of causes of action; the latter question being properly raised only by demurrer. Rules of Court, p. 50, § 170.

It may be said that it is possible that the plaintiff would have elected to proceed under the second count, had the trial court expressly ruled that an election to recover under either count would be a final relinquishment of any right of recovery under the other. But even if the court ought to have required the plaintiff to make his election without condition or reservation, we ought not to grant a new trial merely to allow the defendant to try again the issues raised under the first count, which are now the only ones remaining in the case ; nor would the mere possibility that the plaintiff, if required to make, upon another trial, an unqualified choice, might elect to proceed under the second count, justify us in setting aside the entire pro-

ceedings, including the withdrawal of the second count, and restoring the parties to the position they were in when the plaintiff was ordered to elect.

As a matter of law, the fact that the plaintiff, in making his election as he did, claimed that he might by subsequent proceedings recover under the second count, did not render his election any the less a final one, and there was no error in permitting the second count to be afterward withdrawn. The plaintiff was not entitled to recover under both counts. Such remedy as he had of enforcing payment *for his own benefit* of the penalty for the violation of the injunction (*Rogers Mfg. Co.* v. *Rogers*, 38 Conn. 121) was no longer open to him after a verdict, under his election to go to the jury for the recovery of both actual and punitive damages under the first count, nor would it have been, even had the verdict been for a less sum than the injunction penalty. To the extent that the two remedies, namely, an action for damages and an action to recover the injunction penalty for his own benefit, were open to the plaintiff, they were alternative remedies for the same injury, a recovery upon one of which barred all recourse to the other.

The trial court admitted in evidence, against the defendant's objection, the record of the former action between these parties, including the judge's memorandum of decision, and the judgment of November 7th, 1899, granting the injunction described in the first count of the complaint, and also admitted the testimony of *Judge Elmer*, who tried and decided said action, that upon the trial before him testimony was offered respecting the efficiency of the filter beds for the filtration of sewage, which had been placed in operation after the commencement of said first action; and also the testimony of said judge that the efficiency of such system was one of the issues contested and decided in that case. This evidence was admitted only in support of the plaintiff's claim for punitive damages, and upon condition that it should be shown that the discharge of sewage into the plaintiff's stream, since November 7th, 1899, was a continuation of

the nuisance enjoined against by the judgment of that date.

It is unnecessary to discuss the admissibility of the memorandum of decision, as the court in its charge withdrew it from the consideration of the jury. The testimony of *Judge Elmer*, in connection with the record of the former action, was admissible. Whether the system of filtration which had been put into operation would wholly prevent any future injury to the plaintiff from the drainage complained of, was an issue which the parties might properly have raised and have had determined in the former case. As the record does not show whether it was or not, extrinsic evidence was admissible to prove that it was, if that fact was pertinent to any of the issues in this case. *Mosman* v. *Sanford*, 52 Conn. 23, 32; *Supples* v. *Cannon*, 44 id. 424, 429. That it was so put in issue and decided, as testified to by *Judge Elmer*, was pertinent evidence upon the question of punitive damages made in the present case, although the record does not expressly state that such issue was so made and decided in the first case, and although there was no other evidence than such record and such evidence of *Judge Elmer*, that the defendant knew that such issue was so decided in the former case. Proof that the acts complained of in this case were a continuation of those prohibited by the injunction in the former action, was evidence of wilfulness or gross negligence upon the part of the defendant. 4 Sutherland on Damages (3d Ed.) § 1052; *Paddock* v. *Somes*, 51 Mo. App. 320.

Evidence of the extent of the milk business carried on by the plaintiff on this farm before the stream was contaminated, in connection with evidence of the amount of such business possible during the period for which damages are claimed in the complaint, was admissible as tending to prove the diminished value of the use of the farm from the acts complained of.

Evidence that there were numerous cases of typhoid fever in a building, the drainage from which was con-

ducted by the defendant to the beds for filtering the sewage that ran into the plaintiff's stream, was also admissible in connection with evidence that the plaintiff's stream continued to be contaminated by the drainage after the use of the filter beds, as tending to prove both a diminished value to the plaintiff of the use of the farm, and a diminished market value of such use, even without further proof that the germs of such disease actually reached the plaintiff's stream, and although it appeared that the water of the plaintiff's stream was not then used for drinking purposes. Under such circumstances the plaintiff could neither be expected to use such a stream for drinking purposes for his own cattle, nor to be able to procure others to so use it. No objection was made to this evidence upon the ground that it related to a time since the commencement of this action.

As the facts are stated in the record, we discover no error in the ruling of the trial court excluding the question asked by defendant of its witness Dr. Lewis, whether he was informed of the sources from which the ice was taken which he had inspected the previous summer.

There is no error.

In this opinion the other judges concurred.