[No. 29211. Department One. March 1, 1944.]

LILLIAN MOUNTAIN, *Appellant,* v. WILLIAM R. PRICE, *Respondent.*[1]

[1]Reported in 146 P. (2d) 327.

*Schaefer & Hall,* for appellant.

*John R. McEwen,* for respondent.

BEALS, J.—During the month of June, 1939, plaintiff, Lillian Mountain, instituted this action against the defendant, William R. Price, a resident of Klickitat county, Washington, he being the only defendant named, alleging in her complaint that October 1, 1938, in the circuit court of the state of Oregon for Multnomah county, she recovered judgment against defendant for the sum of five thousand dollars, in an action which she had instituted against defendant for the recovery of damages for personal injuries suffered by her as the result of the wrongful use of the highways of the state of Oregon by the defendant. Plaintiff further alleged that no part of the judgment had been paid, and that the entire amount thereof was then due and payable from defendant. Plaintiff prayed for judgment against defendant in the sum of five thousand dollars, together with costs. A copy of the Oregon judgment was attached to plaintiff's complaint.

Defendant answered plaintiff's complaint, denying the material allegations thereof, and, by way of an affirmative defense, alleging that, during all the times mentioned in the complaint, the state of Oregon "had no law known as the community property law," and that any liability incurred by the defendant in the action described in the complaint filed in the circuit court of the state of Oregon was, and remained, the separate obligation of the defendant. Defendant further alleged that he was a resident of the state of Washington; that he was married to Rena Price; and that any obligation incurred by the defendant to the plaintiff was not a community debt of the defendant and his wife. Defendant pleaded a second affirmative defense with which we are not concerned.

Plaintiff having replied with denials to the affirmative

defense in defendant's answer, the action was tried to the court, and resulted in the entry of findings of fact which may be epitomized as follows:

The court found that, July 21, 1938, plaintiff instituted the action referred to in her complaint in this action, before the circuit court of the state of Oregon for Multnomah county, against the defendant, William R. Price, a resident of Klickitat county, Washington, for the purpose of recovering damages for personal injuries suffered by plaintiff as the result of the use of the highways of the state of Oregon by defendant; that the defendant was duly served with process; that he made default before the Oregon court; that, October 1, 1938, judgment was rendered against him in that court in favor of plaintiff for the sum of five thousand dollars; that no part of the judgment had been paid; and that the entire amount thereof was due to plaintiff from the defendant. The court further found that the defendant was a married man, his wife being Rena Price, and that the defendant was a resident of the state of Washington.

From the findings of fact, the court concluded that the plaintiff was entitled to a judgment against the defendant, William R. Price, individually, as his separate obligation, in the sum of five thousand dollars, together with interest and costs, and that the community composed of the defendant, William R. Price, and Rena Price, his wife, was not liable on the judgment referred to in the findings, which was recovered in the circuit court of the state of Oregon by the plaintiff in this action against the defendant, William R. Price.

In accordance with the findings of fact and conclusions of law, a judgment was entered awarding plaintiff judgment against the defendant, William R. Price, individually, in the sum of five thousand dollars, together with interest and costs; the judgment further stating that it was the separate obligation of the defendant.

From this judgment, plaintiff has appealed, assigning error on the entry of judgment against William R. Price

as his separate obligation, and upon that portion of the judgment which provides that the judgment is the separate obligation of the defendant.

Respondent, in his answer, pleaded that the state of Oregon had no statute similar to the community property law of this state, and that, under the law of the state of Oregon, the obligation incurred by respondent herein to appellant, which obligation had been merged in the judgment entered against respondent by the Oregon court, was the separate obligation of respondent. Pursuant to chapter 82, Laws of 1941, entitled "An Act relating to judicial notice of foreign laws," § 1 of the act (Rem. Supp. 1941, § 1278) providing:

"Every Court of this state shall take judicial notice of the Constitution, common law, civil law, and statutes of every state, territory and other jurisdiction of the United States,"

the trial court took judicial notice of the fact (conceded by both parties) that the state of Oregon is a common-law state and has no law similar to the community property law of the state of Washington.

■ The law of the place where a tort is committed controls questions in connection with the act, the responsibility therefor, and the nature of a cause of action based thereon. *Richardson v. Pacific Power & Light Co.*, 11 Wn. (2d) 288, 118 P. (2d) 985; Goodrich on Conflict of Laws (2d ed.), p. 219, § 89. It follows that, under the law of Oregon, respondent, William R. Price, alone, is liable for damages resulting from the tort which was the basis of the Oregon action.

■ Appellant in her complaint disclosed that the Oregon action was one to recover for injuries caused by Price, growing out of his use of the Oregon highways, and the judgment entered against respondent by the Oregon court, a copy of which is attached to the complaint, states that the action was instituted by appellant "to collect damages arising from personal injuries inflicted upon" appellant by respondent. Under the laws of Oregon the judg-

ment could not affect Mrs. Price or her property. Appellant argues that the judgment of the Oregon court is a debt of record, and, as such a debt, is governed by the law of the domicile of the debtor, and that the debt, having been contracted or incurred after the marriage of respondent, William R. Price, and his wife, Rena Price, is, under the laws of this state, presumptively a community debt.

Pursuant to the laws of this state, a judgment rendered against a married man is presumed to be a community obligation. This presumption is not conclusive, and, on execution upon such a judgment, the wife may appear and show that the property levied upon is comunity property and that the judgment, in fact, is not a community obligation. The fact that an obligation sued upon is not an obligation of the community may also be shown upon the trial of the action.

In the case of *Meng v. Security State Bank,* 16 Wn. (2d) 215, 133 P. (2d) 293, it appeared that the defendants, Mr. and Mrs. Deardorff, while residents of the state of Oregon, signed two promissory notes which were later transferred to the plaintiff, Meng. Some years after the execution of the notes, Mr. and Mrs. Deardorff established their residence in the state of Washington, where they continued to reside. Approximately two years thereafter, plaintiff, Meng, sought payment or a renewal of the notes, which were about to become outlawed. After some negotiation, Mr. Deardorff alone signed a new note. In due time, suit was instituted upon this note against Mr. Deardorff, his wife not being a party to the action. Judgment was rendered in favor of the plaintiff, and thereafter, upon execution, certain property, which was the community property of Mr. and Mrs. Deardorff, was levied upon. A third party then claimed, under a chattel mortgage, the property seized pursuant to the execution. Mrs. Meng then commenced a new action against Mr. and Mrs. Deardorff and the holder of the chattel mortgage, alleging the rendition of the judgment in her favor against Arthur Deardorff; that the Deardorffs were husband and wife, and residents

of Cowlitz county, Washington; that the claim of the third party to the property levied upon was not well founded; and praying that it be adjudged that she have, pursuant to her execution, a prior claim to proceed against the property.

The trial court found, and this court held, that the property levied upon by Mrs. Meng was the community property of the Deardorffs; that Mrs. Meng's judgment was the separate obligation of Mr. Deardorff; and that Mrs. Meng was not entitled to satisfy her judgment out of the community property of the Deardorffs. In the course of the opinion, we said:

"It is so well settled in this state as to require no citation of authority that, when a husband alone signs a note, it is presumably a community obligation, which presumption may be overcome by evidence that is clear and convincing. *Auernheimer v. Gardner,* 177 Wash. 158, 31 P. (2d) 515. It is also as well settled that a judgment rendered against a married man is presumed to be a community obligation. *Van Geest v. Stocks,* 198 Wash. 218, 88 P. (2d) 406.

"We are then confronted with the question, under what state should the debt liability of Mr. and Mrs. Deardorff be determined? We are satisfied that such debt liability, based upon the renewal notes, must be determined by the laws of the state wherein the original obligation was incurred, or in other words, by the laws of Oregon.

"Under the Oregon laws, as pleaded and proved, the original notes, having been signed by both Mr. and Mrs. Deardorff, could have been satisfied from the separate property of either, and had Mrs. Deardorff signed the renewal notes, a judgment rendered thereon would have imposed on Mr. and Mrs. Deardorff the same obligation as that created by the original notes. The renewal notes being signed only by Mr. Deardorff, and taking the same status as the original notes, in so far as Mr. Deardorff is concerned, and the original notes not having been given for a family expense, as defined by the laws of Oregon, the renewal notes and the judgment rendered thereon became the separate obligation of Mr. Deardorff only."

In the case cited, the judgment in favor of Mrs. Meng against Mr. Deardorff was rendered in the state of Washington while the defendant was domiciled in this state.

This court, however, in determining the effect of this judgment, considered the facts constituting the history of the transaction which resulted in the judgment, and held that, upon the record, the judgment rendered in Mrs. Meng's favor against Mr. Deardorff was not a community obligation.

In the case at bar, respondent and Mrs. Price are residents of the state of Washington, appellant having in this action sued Mr. Price upon the judgment which she procured against him in the state of Oregon, which judgment was based upon a tort committed by respondent in Oregon. In the case at bar, the question of the character of the judgment against respondent to which appellant was entitled was raised by the pleadings and considered by the court on the trial. Under the issues, it was the duty of the trial court to determine the nature of the judgment which should be rendered in favor of appellant and against respondent. This the trial court did, holding that appellant was entitled only to a judgment in the form as entered.

■ In the case of *Bergman v. State*, 187 Wash. 622, 60 P. (2d) 699, 106 A. L. R. 1007, it was held that the community property of husband and wife is not liable for the tortious act of the husband, not committed within the ordinary management of community business, nor for the benefit of the community, the liability of community property for acts of the husband being founded upon the doctrine of *respondeat superior*. In the course of the opinion, we said:

"It is now the settled law of this state that, if the tortious act of the husband be committed in the management of community property or for the benefit of the marital community, such community is thereby rendered liable for the act. [Citations.]

"But this rule is not based upon the mere fact of marital relationship. It is founded on the doctrine of *respondeat superior*. Under that doctrine, unless, in a given instance, it can be said that the husband was acting as the agent of the marital community, the community is not liable. [Citations.]"

In the case of *Furuheim v. Floe,* 188 Wash. 368, 62 P. (2d) 706, we quoted from the *Bergman* case, and reversed, as to the community of defendants Floe as husband and wife, a judgment rendered against the defendant husband and the community, based upon damages suffered by the plaintiff as the result of a physical encounter with Mr. Floe.

In Goodrich, Conflict of Laws (2d ed.), p. 235, § 95, the rule is stated as follows:

"The lex loci delicti determines to what extent one person is liable for harm resulting from the conduct of another person.

"It is the law of the place of wrong which determines whether and to what extent there is liability in any given situation."

In Restatement, Conflict of Laws, p. 472, § 387, is found the following:

"When a person authorizes another to act for him in any state and the other does so act, whether he is liable for the tort of the other is determined by the law of the place of wrong."

█ In the commission of the tort which is the basis of this action, the consequences of the tort being governed by the Oregon law, respondent could not have been the agent of the community which, under the laws of the state of Washington, consisted of himself and his wife, because nothing corresponding to such a "community" existed in the state of Oregon. Apparently, appellant was awarded a judgment against respondent by the Oregon court, in matter and form in accordance with her demand. Whether, in another form of action against respondent and Mrs. Price, the Oregon court, supposing that it had obtained jurisdiction of the parties, could have rendered a different judgment, need not be considered, as no such question is presented.

In the case at bar, appellant sued respondent on the judgment which she recovered against him before the Oregon court, and was awarded, by the judgment appealed from, the same judgment she recovered in Oregon. The fact that

an execution issued upon the judgment now before us for review may be less effective in reaching property from which appellant desires to satisfy her judgment than would be an execution issued upon the Oregon judgment is immaterial.

Appellant relies upon the case of *Roche v. McDonald,* 158 Wash. 446, 291 Pac. 476, but the questions determined in that case differ radically from the question here presented, and the decision is not in point.

Appellant also relies upon the case of *Woste v. Rugge,* 68 Wash. 90, 122 Pac. 988, in which it appeared that a judgment had been rendered against the husband alone in an action based upon a tort committed by him. Later, the judgment creditor commenced another action seeking a decree subjecting certain property, which she alleged to be the community property of Rugge and his wife, to the lien of her judgment. A demurrer to the complaint having been sustained, and plaintiff having elected to stand upon her complaint, judgment was rendered dismissing the action, from which the plaintiff appealed.

This court held that the complaint stated a cause of action, and that the court should proceed to make up the issues and determine the question presented. It was held that the defendant wife could rebut the presumption that the judgment was a community obligation or show that property sought to be subjected to execution was not subject thereto. The case is not here controlling, as the facts, as stated by appellant and as disclosed by the record, rebut the presumption that the Oregon judgment upon which she relies is a community obligation.

Appellant also cites the case of *Perkins v. Benguet Consolidated Min. Co.,* 55 Cal. App. (2d) 720, 132 P. (2d) 70. It appeared that the defendant was an organization set up in the Philippine Islands, and that, in accordance with the laws of that jurisdiction, it was a separate legal entity, although an organization having no exact counterpart under the laws of California. The California court held that, for the purposes of the action, the defendant would be consid-

ered and treated as a corporation. The case is not here in point, as the record presents no question concerning any supposed power of the Oregon court to render a judgment binding the property of a marital community composed of a husband and wife residing in the state of Washington. The Oregon court made no attempt to accomplish such a purpose. It rendered a judgment against respondent only, and, under the Oregon law, no presumption follows that the judgment constituted an obligation of any marital community.

Judgment affirmed.

SIMPSON, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.

