THE YALE CO-OPERATIVE CORPORATION v. BERNARD S. ROGIN

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 65961

Memorandum filed November 8, 1946.

*Wiggin & Dana,* of New Haven, for the Plantiff.

*Schatz & Weinstein,* of Hartford, for the Defendant.

MELLITZ, J.   On March 28, 1946, a judgment was rendered in this court restraining the defendant, under a penalty of $10,000, from using the name of the plaintiff or variations thereof in connection with the sale or distribution of books or other printed matter, or in connection with the operation of

any business similar to the business conducted by the plaintiff. Thereafter the defendant took an appeal from said judgment to the Supreme Court of Errors, and said appeal is now pending.

The evidence presented establishes that the defendant has violated the terms of the injunction. The defendant testified that in committing acts which were in violation of the injunction he acted in the belief that the terms of the injunction were not operative during the pendency of his appeal from the judgment, that the violation was not willful, and that he will in the future obey the terms of the injunction in every particular.

The plaintiff in this motion prays that the defendant be adjudged in contempt of court and be punished therefor, and further that the penalty provided in the judgment be imposed upon the defendant and that he be required to make payment thereof to the plaintiff.

The defendant, having violated the terms of the injunction, is adjudged to be in contempt of court. The plaintiff, however, is not entitled to an order requiring payment to it of any portion of the penalty which may be imposed upon the defendant. The penalty, if any, is inflicted "for the public good, in order to secure obedience to lawful authority," and may not be divided between the plaintiff and the state. *Rogers Mfg. Co.* v. *Rogers,* 38. Conn. 121, 124. Upon the entry of final judgment, and upon proper proof of damages sustained, the plaintiff may, either in an independent action or in a scire facias proceeding, recover damages to which it may be entitled as a result of the violation of the injunction. *Lawton* v. *Herrick,* 83 Conn. 417, 427; *Gorham* v. *New Haven,* 79 Conn. 670, 674; *Smith* v. *Jewell,* 71 Conn. 473, 478.

The court is satisfied that the defendant intends to comply fully with terms of the injunction, and in view of this fact and the circumstances attending the violations heretofore committed, no penalty will be imposed beyond requiring him to pay the costs and expenses of this proceeding. It is proper to order that payment of said items be made to the plaintiff. *Rogers Mfg. Co.* v. *Rogers,* supra.

It is ordered that the defendant pay to the plaintiff the sum of $250 within thirty days from the date hereof, and that upon payment of said sum the defendant may be discharged from contempt.