HENRY H. WEHRHANE ET AL., INDIVIDUALLY AND AS EXECUTORS (ESTATE OF WILLIAM C. PEYTON) *v.* BERNARD PEYTON, INDIVIDUALLY AND AS EXECUTOR (ESTATE OF ANNE DUPONT PEYTON)

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 4—decided April 1, 1948

*Walter B. Lockwood,* with whom was *Raymond E. Hackett,* for the appellants (plaintiffs).

*Philo C. Calhoun,* for the appellee (defendant executor).

MALTBIE, C. J. The question involved in this case, presented upon an appeal by the plaintiffs from a judgment in favor of the defendant, is whether the Superior Court should have enjoined the latter from further prosecution of an action he has begun in the Supreme Court of the state of New York. The issues concern the ultimate disposition of property owned by William C. Peyton, deceased, who died a resident of Greenwich in this state and whose estate is in process of settlement in the courts of this state. In the action in New York the defendants are the four surviving executors of the estate of William C. Peyton, individually and as such executors and trustees under his will, and the plaintiff is Bernard Peyton, individually and as executor of the estate of Anne duPont Peyton, the widow of William C. Peyton, who survived him but has since died, who was a resident of Greenwich and whose estate is also in process of settlement in the courts of this state. In the action before us the parties are reversed; the four executors individually and as executors are plaintiffs and Bernard Peyton, individually and as

executor of the estate of Anne duPont Peyton, is defendant. None of the parties is a resident of this state, and the defendant in this action is a resident of the state of New Jersey. Service was made on him as executor under General Statutes, Cum. Sup. 1935, § 1649c, but no personal service was made on him.

The trial court reached the following conclusions: The relief asked is not available to the plaintiffs in this action in their individual capacities because they are nonresidents of this state; no basis remains for considering the question whether the court had jurisdiction to grant relief in their favor as executors of the estate of William C. Peyton because the action in New York had been dismissed as to them; the plaintiffs can fully assert their claims in the New York action and adequate remedy is open to them there; the action in New York was not actuated by malice or improper motive; and there is no basis in fact or law for restraining Bernard Peyton as executor of the estate of Anne duPont Peyton from prosecuting the action in New York.

Before considering whether the plaintiffs as executors have a right in equity to the relief they claim, we take note of the conclusion of the trial court that there is now no basis for according them that relief because the action in the New York Supreme Court has been dismissed as to them. It is found that the defendant has appealed from that ruling, and that appeal is still pending. Statements in the brief of the defendant before us make it evident that he has not abandoned the appeal but proposes to press it. The plaintiffs as executors have not been so definitely removed from the New York litigation that no basis remains for according them relief.

William C. Peyton provided in his will that the residue of his estate should be held by the executors he named, as trustees, and that the income should be paid to his wife, Anne duPont Peyton, so long as she lived; and the will directed that at her death the trustees should transfer the principal to themselves as individuals. The will stated that the testator intended to prepare or cause to be prepared a letter outlining certain dispositions of the principal and income of the estate after the death of his wife which would meet with his approval, but he expressly disavowed any intent to limit or restrain the absolute estate and ownership of the property given to the executors or their freedom of disposition of it. At his death no such letter was found. Bernard Peyton, only son of the testator, brought an action for a declaratory judgment in the Superior Court of this state against the executors and the widow; and in that action he claimed that at the death of Anne duPont Peyton they took no beneficial interest in the estate as residuary legatees, that the property was intestate estate and vested in Anne duPont Peyton, who was then alive, and in him as the only son and heir-at-law of William C. Peyton. The widow joined him in this claim. The Superior Court rendered judgment declaring that the residue vested beneficially and absolutely in the executors individually. The case came before us on appeal and we sustained the judgment of the Superior Court. *Peyton* v. *Wehrhane*, 125 Conn. 420, 6 A. 2d 313. In the Superior Court the plaintiff in the New York case and Anne duPont Peyton claimed, among other things, that the executors took the property for the purpose of carrying out after the death of the widow certain undisclosed purposes which, if stated at all, could only be found in a document not within the

Statute of Wills, and that the testator had attempted to establish invalid secret trusts; and in the Superior Court and upon the appeal they claimed that in such a situation there would be a resulting trust for those entitled to take as next of kin of the testator. A-133 Rec. & Briefs, back of p. 327 et seq., back of p. 332, p. 373. We held, however, that the will expressed an intention that the executors should take the property by absolute title and (p. 433) that the testator did not intend to establish a trust.

The complaint in the action in New York is in three counts. In the first, the substance of the judgment of the Superior Court is set forth, and the complaint then alleges: The judgment in Connecticut related solely to the construction of the will of William C. Peyton and did not "determine the equitable duties or obligations arising by virtue of facts extrinsic to the will, subject to which" the executors took the residuary estate; the executors claim to hold the property as their own and solely for their own benefit; William C. Peyton was not a lawyer; one of the executors, Coulson, was his legal and confidential adviser and counseled him in the drafting of the will; Peyton did not in fact intend that the executors should receive the property as their own but did intend that they should take it only to accomplish the purposes he would indicate by letter or other communication extrinsic to the will; Coulson knew that he intended this and, on behalf of himself and the other executors, expressly or impliedly agreed that, if Peyton made such a will as he did, they would use and apply the property only in accordance with his intention; and the property in the hands of the executors is specific personal property within the state of New York. In the second count these allegations are incorporated, and it is further

alleged that William C. Peyton desired to devote all the residue of his estate to charitable purposes, that he was advised by Coulson that his purpose would contravene the limitations upon charitable bequests under the laws of New York, that these limitations could be avoided by bequeathing the property upon a secret trust, and that the will was drawn for that purpose. The third count alleged that the property was bequeathed to the defendants upon a promise by Coulson in his own behalf and that of the other executors to effect certain secret purposes not disclosed on the face of the will, in evasion of the Statute of Wills of the state of New York and against its public policy. In each count it is alleged that the executors hold the property charged with a trust for the "plaintiffs." The principal claims for relief are that the defendants be ordered to account to the plaintiffs for the principal and income of all property coming into their hands from the residuary estate of William C. Peyton or to which they claim to be entitled in whatever capacity under the dispositive provisions of his will after the death of Anne duPont Peyton and that the defendants be ordered to transfer to the plaintiffs that property, similarly described, or, as stated in another claim for relief, the property which they were entitled to receive from the Peyton estate in their fiduciary capacities.

In *Hartford Accident & Indemnity Co.* v. *Bernblum,* 122 Conn. 583, 191 A. 542, we discussed the rights of the courts of one state to enjoin the prosecution of an action in another, and we said (p. 589) : "One of the most usual grounds for such action is the fact that the party enjoined has sought by resort to the courts of another jurisdiction to deprive a fellow citizen of some benefit which should rightfully be accorded him under the law of the

State of their common residence"; and (p. 590): "In other words, underlying the cases in which relief by injunction has been granted is the fact that the proper forum for the determination of the rights and liabilities of the parties is the State of their common residence." Implied in these statements and inherent in the ground upon which such relief is granted is a limitation, ordinarily applicable, that courts will act only to protect one who is domiciled in the state where the injunction is sought. *American Express Co.* v. *Fox*, 135 Tenn. 489, 494, 187 S. W. 1117. The plaintiffs are all nonresidents of this state. They bring this action, however, not only as individuals but also in their capacity of executors of an estate in settlement in the courts of this state. So far as the record discloses, no final account filed by them has been accepted by the Probate Court in which the Peyton estate is being settled, the question of its proper distribution remains to be determined, and the property is still held by them solely in their fiduciary capacity. The plaintiff in the New York action claims in effect that the property in their possession as executors is subject to a trust in favor of the plaintiff individually as an heir of William C. Peyton and as executor of the estate of Anne duPont Peyton, his widow. A Probate Court of this state has jurisdiction in the distribution of an estate to give effect to equitable rights necessarily involved in determining the persons entitled to receive the property and the capacity in which it should be passed on to them. *Mack's Appeal*, 71 Conn. 122, 130, 41 A. 242; *Culver* v. *Union & New Haven Trust Co.*, 120 Conn. 97, 102, 179 A. 487. If the plaintiff in the New York action should secure a judgment that the gift to the executors was made upon a trust, the Probate Court, when it comes to

make an order of distribution, would be confronted on the one hand with a decision of the courts of this state that the property should go to the executors as absolute owners in their individual rights, and on the other hand with a judgment of a New York court under which the claim would, no doubt, be made that it was effective in this state to prevent a distribution of the beneficial title to them. Indeed, unless the plaintiff there sought such a result, there is no conceivable reason why the executors of the Peyton estate should be brought into that action.

As fiduciaries under appointment by a court of this state and engaged in the settlement of the estate of one who died a resident of this state, the executors, although not residents here, are entitled to protection against proceedings in the courts of another state which may interfere with the orderly settlement of the estate in this jurisdiction. There could rarely be a case where the courts of this state are so clearly the proper forum in which to assert a claim that the executors can receive the property on its distribution only subject to such a trust as that claimed in the New York action and not in their individual capacity. *Hutton's Executors* v. *Hutton,* 40 N. J. Eq. 461, 466, 2 A. 280; *Cole* v. *Cunningham,* 133 U. S. 107, 122, 10 S. Ct. 269, 33 L. Ed. 538; *Faulkner* v. *Hyman,* 142 Mass. 53, 6 N. E. 846; *International Paper Co.* v. *Bellows Falls Canal Co.,* 91 Vt. 350, 367, 100 A. 684; see *Parsons* v. *Lyman,* 20 N. Y. 103. Moreover, the plaintiff in the New York action is claiming against the executors the same primary rights which were put in issue in our courts and there determined. The issues so raised have become res adjudicata. That the plaintiff in the New York action bases his claim in certain respects upon different grounds would not permit him to relitigate those is-

sues again in our courts; *Wildman* v. *Wildman*, 70 Conn. 700, 710, 41 A. 1; *Pavelka* v. *St. Albert Society Branch No. 30*, 82 Conn. 146, 72 A. 725; see 2 Freeman, Judgments (5th Ed.) § 681; and the New York courts are bound to give to the judgment rendered here the same force and effect which it would have in our courts. *Magnolia Petroleum Co.* v. *Hunt*, 320 U. S. 430, 438, 64 S. Ct. 208, 88 L. Ed. 149. To permit the plaintiff in the New York action to pursue that action against the executors would clearly be unjustifiably to harass them and at the least to impose upon the estate expense it should not have to incur. *Oates* v. *Morningside College*, 217 Iowa 1059, 1064, 252 N. W. 783. We cannot agree that the plaintiffs in the action before us are not, as executors, entitled in fact and law to the relief they seek, unless that relief is precluded by other considerations.

Service of the writ in the action before us was made upon Bernard Peyton as executor of the estate of Anne duPont Peyton under § 1649c and he entered a general appearance in that capacity, thereby submitting himself to the jurisdiction of our courts. *Fine* v. *Wencke*, 117 Conn. 683, 684, 169 A. 58. It is true that he is not a resident of this state and courts usually refuse injunctions in actions of this kind where the defendant is a nonresident of the state where the relief is sought. Some courts place their decisions to that effect upon the ground that the courts of one state lack jurisdiction to enjoin a nonresident; *Western Union Telegraph Co.* v. *Pacific & Atlantic Telegraph Co.*, 49 Ill. 90, 94; *Carpenter* v. *Hanes*, 162 N. C. 46, 49, 77 S. E. 1101; but jurisdiction as they use that word evidently does not mean the lack of authority of the court to act where the parties are properly before it but in the sense

that equity will not ordinarily grant relief in such a case. See note, 2 Story, Equity Jurisprudence (14th Ed.) p. 579. That is illustrated by the statement of high authority that if a nonresident has property within the jurisdiction of the court, an injunction may properly issue. *Carron Iron Co.* v. *MacLaren,* 5 H. L. Cas. 416, 442. The true reason for denying the injunction against a nonresident is that, if granted, it could not ordinarily be enforced. *Bank of Bellows Falls* v. *Rutland & B. R. Co.,* 28 Vt. 470, 479; *Hawley* v. *State Bank of Chicago,* 134 Ill. App. 96, 104.

Violation of an injunction issued in protection of a private right is, in this state, usually punished by citing the guilty person into court and imposing a penalty based upon compensatory damages. *Rogers Mfg. Co.* v. *Rogers,* 38 Conn. 121, 123; *Smith* v. *Jewell,* 71 Conn. 473, 477, 42 A. 657; *Gorham* v. *New Haven,* 79 Conn. 670, 674, 66 A. 505; *Gorham* v. *New Haven,* 82 Conn. 153, 156, 72 A. 1012; *Lawton* v. *Herrick,* 83 Conn. 417, 425, 76 A. 986. If this were the only means of enforcement and the exercise of the power depended upon bringing the violator before our courts, it would be true that they would not, except perhaps in most unusual cases, grant an injunction against a nonresident. There is, however, another means of punishing a violator and that is to deny him any aid from courts of the state where the injunction is granted in the assertion of rights growing out of the transaction in question until he has purged himself of the contempt. *Hovey* v. *Elliott,* 167 U. S. 409, 436, 17 S. Ct. 841, 42 L. Ed. 215; *Rogers* v. *Paterson,* 4 Paige (N. Y.) 450, 454; *Campbell* v. *Justices of the Superior Court,* 187 Mass. 509, 510, 73 N. E. 659; *Gilbert* v. *Arnold,* 30 Md. 29, 35;

*Monterey Coal Co.* v. *Superior Court,* 11 Cal. App. 207, 208, 104 P. 585; *Swinburn* v. *Smith,* 15 W. Va. 483, 500. The Probate Court in Greenwich would normally distribute the estate in accordance with the decision of our courts that the executors are entitled to receive it in their own right. If the plaintiff in the New York case individually and as representative of the widow should secure a judgment that the property in the hands of the executors is subject to a trust in his favor, the only way he could secure its distribution subject to that trust would be by an order of the Probate Court in this state. If that judgment was secured in violation of an injunction issued by the court in this case, the Probate Court might well refuse to permit him to assert such a claim. Our courts are not so powerless that, merely because the defendant is a nonresident, they must refuse to enjoin the prosecution of the New York action in a situation where the equities so strongly favor the executors.

No personal service was made upon the defendant in this action as an individual. The plaintiffs claimed in the trial court that the estate of William C. Peyton, which is being administered in this state, constitutes such a res within this jurisdiction that our courts have power to grant the injunction sought against him individually. This claim the trial court overruled. If we assume that there was property in this state sufficient to give our courts jurisdiction, the extent to which they could act would be merely to subject it to some claim properly asserted here, and they would have no power to give a judgment binding upon Bernard Peyton beyond the scope of their right to enforce relief against it. *Pennoyer* v. *Neff,* 95 U. S. 714, 725, 24 L. Ed. 565; *Coyne* v. *Plume,* 90 Conn. 283, 300, 97 A. 337; *Veeder Mfg. Co.* v. *Mar-*

*shall-Sanders Co.,* 79 Conn. 15, 17, 63 A. 641; *Williams Co.* v. *Mairs,* 72 Conn. 430, 434, 44 A. 729; *O'Sullivan* v. *Overton,* 56 Conn. 102, 103, 14 A. 300; 1 Freeman, Judgments (5th Ed.) § 347. Injunctions operate only in personam. 4 Pomeroy, Equitable Jurisprudence (4th Ed.) § 1360. The fact that there was such a res in this state as might give our courts certain jurisdiction over it would not empower them to grant an injunction against a nonresident defendant not otherwise before the court. The plaintiffs as executors are not entitled to such relief against the defendant in this action as an individual.

In so far as the plaintiffs in this action as individuals are seeking an injunction against the defendants, there is no reason why the usual rule that such relief will not be accorded to nonresidents does not apply. Whether an injunction should issue in such a case as this is within the discretion of the trial court. *Receivers Middlesex Banking Co.* v. *Realty Investment Co.,* 104 Conn. 206, 220, 132 A. 390. Had the court at the trial refused the injunction in the exercise of its discretion, we would not have been able to do otherwise than to sustain the judgment. The court did not do that but denied relief upon the ground that the plaintiffs were not entitled to it in fact and law. In this the court erred as regards the plaintiffs as executors and we must remand the case; *Bowen* v. *Morgillo,* 128 Conn. 442, 448, 23 A. 2d 719; in further proceedings before the Superior Court, the question whether it ought in its discretion to issue the injunction will be open for consideration.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendant individually as against the plain-

tiffs both individually and as executors, and for the defendant as executor against the plaintiffs individually, but for a new trial between the plaintiffs as executors and the defendant as executor.

In this opinion the other judges concurred.