Clyde PHILP, Appellant,

v.

Sam MACRI, Pauline Macri, Joseph Macri, Eleanor Macri, Don R. Macri, Kathleen N. Macri, Herman Howe and Viola B. Howe, Appellees.

No. 15798.

United States Court of Appeals Ninth Circuit.

Dec. 16, 1958.

Patrick A. Geraghty, Sidney C. Volinn, Seattle, Wash., for appellant.

Lycette, Diamond & Sylvester, Herman Howe, Josef Diamond, Lyle L. Iverson, Seattle, Wash., for appellees.

Before HEALY, FEE and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

This appeal is taken from an order of the District Court, Western District of Washington, dismissing Appellant's complaint for insufficiency.

Jurisdiction of the District Court is based on diversity of citizenship. Jurisdiction of this Court rests on 28 U.S.C. §§ 1291 and 1294.

Appellant (Clyde Philp) alleged three separate causes of action, and all three were dismissed. Appeal is taken only from the dismissal of the first and third causes of action.

In the first cause of action, Appellant seeks an injunction to restrain the Appellees, hereinafter Macri, from proceeding in the Peruvian Courts to enforce a judgment previously obtained against Appellant in a District Court of the United States.

The complaint alleges that Philp (Appellant) is now a resident of Peru, but that the judgment sought to be enforced against him arose out of a certain construction project agreed to be undertaken by a joint venture in Washington in 1944. The joint venturers consisted of Philp and a business partner—one Goerig—as the first parties, and certain of the Appellees as the second parties.

The joint venturers (known as Macri & Co.) contracted with the United States to perform certain construction work in the State of Washington. To secure the faithful performance of this contract and the payment of all labor and material employed or used thereon, the joint venturers as principal and Continental Casualty Company as surety executed and delivered a performance bond.

This joint venture was subsequently terminated later in 1944 under an agreement in which Macri agreed to complete and perform the work as required by the contracts "as expeditiously as possible," and that in the event of a loss thereon Philp and Goerig agreed to pay 52⅓ per cent of any such loss.

Later, the United States filed an action in the District Court against the joint venturers and Continental Casualty Company, alleging a failure of performance of the construction contract.

A judgment of some $87,000 was rendered in said action in favor of the United States and a judgment over in the same amount was rendered in favor of the Continental Casualty Company against Philp, Goerig and the Macris (the joint venturers).

The surety, having settled and discharged the judgment in favor of the United States, became entitled to enforce its judgment against the joint venturers.

The complaint further alleged that Macri made a settlement with surety and caused the latter to assign the unsatisfied judgment to one Howe for the purpose of collecting "said judgment * * * in full from this plaintiff" [appellant herein]. Goerig, after paying some $2,250 to Howe, was released by Howe and Macri.

The appellant having by that time become a resident of Peru, Howe then instituted suit against Appellant in Peru to enforce the collection of this judgment.

Having alleged that Macri is a resident of Washington and that the joint venture was formed in Washington, Appellant alleges:

"* * * That in the Supreme Court of the nation of Peru one resisting a judgment transferred there cannot show that, as in this instance, the judgment sued upon is actually owned by a partner and joint venturer and arose out of a joint venture or partnership in

which there has been no accounting."

■ In a proper case, a court which has jurisdiction of the parties has the power to enjoin them from proceeding with an action or enforcing a judgment in a court of another state or country. See 21 C.J.S. Courts § 554 and the cases cited therein. Washington has followed this rule in Rader v. Stubblefield, 1906, 43 Wash. 334, 86 P. 560, and Northern Pacific R. Co. v. Richey & Gilbert Co., 1925, 132 Wash. 526, 232 P. 355.

This relief, however, should be used sparingly and it must appear that an equitable right will otherwise be denied. Delaware, L. & W. R. Co. v. Ashelman, 1930, 300 Pa. 291, 150 A. 475, 69 A.L.R. 588. "The power is not to be lightly exercised." Williams v. Payne, 1939, 150 Kan. 462, 94 P.2d 341.

The remedy, of course, being an equitable one, is discretionary with the trial judge. Wehrhane v. Peyton, 1948, 134 Conn. 486, 58 A.2d 698, 6 A.L.R.2d 887. See cases cited on this point in annotation following 6 A.L.R.2d 887.

In the instant case, the basis for seeking this extraordinary equitable relief, as gleaned from Philp's complaint, is the bare allegation that in the Peruvian Court, Appellant cannot raise certain alleged defenses.

■ It is settled law that neither Washington courts (Revised Code of Wash. 5.24.050, Laws 1941, c. 82 § 5) nor federal courts, take judicial notice of the laws of foreign countries. Dainese v. Hale, 1875, 91 U.S. 13, 23 L.Ed. 190; Liverpool & Gt. Western Steam Co. v. Phenix Ins. Co., 1889, 129 U.S. 397, 9 S.Ct. 469, 32 L.Ed. 788; Cuba R. Co. v. Crosby, 1912, 222 U.S. 473, 32 S.Ct. 132, 56 L.Ed. 274; Molina v. Sovereign Camp, W. O. W., D.C.Neb.1947, 6 F.R.D. 385; F. A. R. Liquidating Corp. v. Brownell, D.C.Del.1955, 130 F.Supp. 691. There is less agreement on the question of where this leaves the litigant who relies on the foreign law.[1]

Here, Appellant sought equitable relief in the District Court in a complaint that alluded to but did not plead or prove the inadequacy of Peruvian law, did not agree to allow Appellant to be sued in Washington, and did not provide security for the payment of any judgment that might be entered against him in Washington.

■ Even assuming—and we have no way of knowing—that Appellant might be required to pay by reason of the Peruvian action a greater percentage of the judgment obtained in the United States than 52⅓ per cent, yet Appellant would then have a remedy against Macri by a suit on the agreement terminating the joint venture (in which Philp agreed only to pay 52⅓ per cent of the loss).

Appellant has brought this situation upon himself by leaving the State of

1. Molina v. Sovereign Camp, supra, and F. A. R. Liquidating Corp. v. Brownell, supra, and other cases have held that where the foreign law is not pleaded and proved, it is assumed to be the same as the forum's law. This is at some variance with Cuba R. Co. v. Crosby, supra, where Justice Holmes said:

"It may be that, in dealing with rudimentary contracts or torts made or committed abroad, such as promises to pay money for goods or services, or battery of the person or conversion of goods, courts would assume a liability to exist if nothing to the contrary appeared. Parrot v. Mexican Central Railway Co., 207 Mass. 184, 93 N.E. 590, 34 L.R.A., (N.S.), 261. Such matters are likely to impose an obligation in all civilized countries. But when an action is brought upon a cause arising outside of the jurisdiction, it always should be borne in mind that the duty of the court is not to administer its notion of justice, but to enforce an obligation that has been created by a different law. Slater v. Mexican National R. Co., 194 U.S. 120, 126, 24 S.Ct. 581, 48 L.Ed. 900.

" * * * In the case at bar the court was dealing with the law of Cuba, a country inheriting the law of Spain, and, we may presume, continuing it with such modifications as later years may have brought. There is no general presumption that that law is the same as the common law. We properly may say that we all know the fact to be otherwise." See also Goodrich, Conflict of Laws, 3rd Ed., pp. 234–236.

Washington and becoming a resident of Peru. Appellant herein has not shown that he is entitled to equitable relief or that he has suffered irreparable injury.

In this posture we cannot say that the District Court abused its discretion in dismissing this complaint. Reliable Transfer Co. v. Blanchard, 5 Cir., 1944, 145 F.2d 551; Phelan v. Taitano, 9 Cir., 1956, 233 F.2d 117.

Appellant's third cause of action alleged that Appellant was "slandered" by Macri by his "circulating in financial circles" in Peru the "erroneous story" that Macri "would sue and did sue" Appellant because he did not pay his share of a joint venture.

The pleadings contain conclusions of law, are general in nature, do not allege specific defamatory statements, and appear to refer only to the fact that Appellant was to be sued for not paying money alleged to be owed by him.

Such a suit was actually brought against Appellant.

■ In this diversity case we must apply Washington rules of conflicts of law. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L. Ed. 1477; Sampson v. Channell, 1 Cir., 1940, 110 F.2d 754, 128 A.L.R. 394. Washington follows the general rule that the substantive law applicable to an alleged tort is the law of the place where the tort was committed. Restatement of the Law of Conflict of Laws, §§ 377, 378. Richardson v. Pacific Power & Light Co., 1941, 11 Wash.2d 288, 118 P.2d 985; Mountain v. Price, 1944, 20 Wash.2d 129, 146 P.2d 327; Maag v. Voykovich, 1955, 46 Wash.2d 302, 280 P.2d 680. Here, there is no question but that the alleged slander occurred in Peru, for the complaint alleges that the defamation was uttered, and Appellant's "credits and reputation" injured, in Lima, Peru.

■ We are thus faced with a situation where Appellant's cause of action arose in and should be governed by the law of Peru, but no Peruvian law is pleaded or proved. As seen above (Footnote 1, supra), there is a diversity of views on where this leaves a litigant. Does the cause of action fall for failure to allege an essential of the complaint, or does the forum assume the foreign law is the same as the law of the forum and apply it?

We hold that the instant case is controlled by the principles set forth by Justice Holmes in Cuba R. Co. v. Crosby, 1912, 222 U.S. 473, 32 S.Ct. 132, 56 L.Ed. 274. There, the Court was unwilling to assume that the law of Cuba (locus delicti) was the same as the common law. Thus, as the law of Cuba had not been pleaded or proved, the judgment entered for plaintiff in the trial court was reversed. Holmes pointed out that while it might be reasonable to presume that as between two common law countries, the common law of one was the same as that of another; that even as between two such countries there would be no such presumption where a statute was involved; i. e., a statute of one would not be presumed to be a statute of the other; and where both were not common law countries, the limits of the presumption would be narrower still.

■ Where one country's judicial system is based on the Common Law and the other's on the Civil Law, both systems having been modified by statutory changes, there is little to recommend the employment of a presumption that the law of one is the same as the law of the other.

We do not presume that the law of defamation in Peru is the same as the law of defamation in the State of Washington.

Appellant's complaint, having failed to allege his right to recover, was properly dismissed by the District Court. Cuba R. Co. v. Crosby, supra; Gordon v. Commissioner of Internal Revenue, 9 Cir., 1935, 75 F.2d 429; Walton v. Arabian American Oil Co., 2 Cir., 1956, 233 F.2d 541.

The judgment of the District Court is affirmed.