### ERASTUS WILLIAMS vs. THE ELTING WOOLEN COMPANY.

While a petition was pending for the taking of certain land under the flowage act, a party who had acquired the title to the land, brought a bill in equity praying for an injunction against the further prosecution of the petition, on the ground that the land was already appropriated to milling purposes and could not legally be taken, and that he was not made a party to the petition. On demurrer bill held insufficient, because either the plaintiff could appear and be heard in the suit, or if he could not have an opportunity to be heard his rights could not be affected.

BILL IN EQUITY, praying for an injunction against the further prosecution by the respondents of a petition under the flowage act.

The bill alleged that the petitioner was the owner of a valuable water privilege and of the factory buildings connected therewith, situated on the Yantic River, in the village of Yantic in the town of Norwich; that the factory and all the water privileges connected therewith were leased for a term of years to E. Winslow Williams, the son of the petitioner, who was in possession of and operating and improving the same; that being desirous of obtaining greater water power connected with said factory, he empowered E. W. Williams,

the lessee, to act as his agent in purchasing of W. W. Backus certain portions of the stream below said factory; that said E. W. Williams, acting in behalf of the petitioner, and for the purpose aforesaid, purchased of said Backus the bed of the Yantic river above the railroad bridge and below the factory of the petitioner, and that it was expressed in the deed that the land was purchased with the express purpose of increasing the powers of said water privilege and adding to the fall thereof; and that on the 22d day of August, next following, the said E. W. Williams conveyed the premises to the petitioner; that the Elting Woolen Company, a corporation legally incorporated under the laws of the state of Connecticut, and having their place of business in said Norwich, were the owners of a certain water privilege situated upon the said Yantic river and below it upon the same stream; that said Elting Woolen Company, being desirous of increasing the power of their privilege, on the 20th day of August, 1864, well knowing the premises, and knowing that the said E. Winslow Williams had bought said land for the purpose of improving the mill-site of the petitioner and adding to the fall thereof, brought their petition to the superior court, for the county of New London, citing in the said E. W. Williams as respondent, and alleging that they were unable to agree with him as to the price of the land purchased by him from the said Backus, and praying the court to appoint a committee to assess damages to be paid to the said E. W. Williams, and to perform the other acts and duties, necessary under the "act to encourage the erection and support of water power manufactories," passed May session, 1864, in order that the said Elting Woolen Company might obtain the right to flow said land, as by said petition pending in this court will fully appear; that the petitioner is not made a party to said petition, though his interests would be vitally affected should the court grant the prayer thereof; that by the 4th section of said act it is provided that no dam shall be erected to the injury of any mill-site existing above or below it on the same stream; that the dam of the respondents, if raised in the manner and to the height which is prayed for

in their petition, would irreparably injure the mill-site of the petitioner and decrease the power of his mill, and lessen the fall of water which he has by virtue of said deed from E. W. Williams ; and that the petitioner was without adequate remedy at law. The petitioner therefore prayed the court to inquire into the truth of the foregoing allegations, and on finding them true, to order and decree that the Elting Woolen Company be restrained and enjoined from prosecuting their petition against the said E. W. Williams, or that the court would grant such other relief as to justice might appertain.

The respondents demurred to the bill, and the case was reserved for the advice of this court.

*Hovey* and *Wait*, in support of.the demurrer.

*Halsey* and *Pratt*, contra.

PARK, J. The petitioner seeks to have the question determined by a court of equity whether his interest in certain lands can be taken by the respondents in the proceedings they have instituted under the flowage act against E. W. Williams, in whom was the legal title to these lands at the time the proceedings were brought, but which was soon afterwards conveyed to the petitioner. If the facts stated in his petition are sufficient to maintain his case in a court of chancery, it is difficult to see why the petitioner cannot successfully defend in the case already pending.

Sometimes a party is driven into a court of equity to save his rights in a court of law, because he has an equitable and not a legal defence ; but nothing of that kind exists in this case.

The question presented here is, whether these lands can be taken by the respondents and appropriated to public use under the flowage act ; and this depends upon the question whether they have been already appropriated to such use by the petitioner, or parties under whom he claims title to them.

If they have been so appropriated, then it is clear that they cannot be taken by the respondents, for the law is no respecter of persons and has no favorites, and the maxim applies, *prior tempore prior jure.* The flowage act makes provision for the trial of this question in the proceedings which it authorizes to be instituted, and certainly a court of equity will not take the case from that tribunal and dispose of it, any more than it will give redress to a party who has an adequate remedy at law.

The petitioner complains that he has not been made a party to the proceedings which the respondents have instituted. But how can his rights be jeopardized? The proceedings will be void as to him, if he has no opportunity for defence in the case. If he has the right to be heard, then certainly his rights will be as much protected in that case as in this.

The question is not properly before us now to determine whether or not he has the right to appear and be heard in that case, without being made a party to the record. If he claims the right before the court where the case is pending, that court will decide the question, and if it errs in its decision the petitioner will have an opportunity for review in the usual course.

We think the petition is insufficient, and should be dismissed, and so we advise the superior court.

In this opinion the other judges concurred.