CHARLES E. GORHAM *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, April Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The remedy for a plaintiff who is injured by the defendant's violation of an injunction is not another suit for a fresh injunction—the course followed in the present case—but a motion for an attachment for contempt as an incident to the original action; such motion being, in effect, an application for an execution of a judgment.

A complaint demanding relief not warranted by its allegations, is demurrable upon that ground.

An injunction should be granted only for the prevention of irreparable injury, and when adequate remedy cannot be obtained at law.

An attempt by a city to take land by condemnation proceedings, under authority of its charter, will not be enjoined when the same question relied upon as a ground for the injunction must, if raised by the landowner, be fully heard and finally determined in such proceeding and before his land can be appropriated or occupied.

Argued April 13th—decided May 25th, 1909.

ACTION to enforce an order of injunction, previously granted, restraining the defendant from polluting a stream flowing through the dairy farm of the plaintiff, and also to enjoin the defendant from further attempts to take the plaintiff's land by condemnation, brought to the Superior Court in New Haven County where a demurrer to the

prayers for relief and to the supplemental complaint was sustained (*Reed, J.*) and judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

*Henry G. Newton* and *Ward Church,* for the appellant (plaintiff).

*Edward H. Rogers,* with whom was *Edward P. O'Meara,* for the appellee (defendant).

RORABACK, J. It appears from the plaintiff's complaint that this action is one of four suits brought by the plaintiff against the defendant, to the Superior Court, in consequence of the pollution of a stream of water running across the plaintiff's farm, by sewage and other noxious drainage from the Springside Home, where the poor of New Haven are kept. The first of these actions was tried in 1899, a judgment rendered for the plaintiff to recover damages, and an injunction granted restraining the defendant from continuing the nuisance. The second suit was commenced in 1904 and resulted in a verdict for the plaintiff for substantial damages. The judgment upon this verdict was sustained by this court, 79 Conn. 670, 66 Atl. 505. In the third case the plaintiff obtained a verdict for $1,357.06, which included $500 as exemplary damages.

The defendant, since 1899, has neglected to change the conditions existing at the time of issuing the perpetual injunction, which is still in full force and effect.

The supplemental complaint alleges that since the commencement of the present action the defendant has instituted condemnation proceedings for the purpose of taking the land of the plaintiff in question, and that the object of these proceedings is to enable the defendant to continue the violation of the injunction of 1899. The plaintiff claimed: 1. A decree of the court enforcing its order of injunction and compelling compliance therewith by the de-

fendant. 2. An injunction against any further attempt to take by condemnation proceedings the land of the plaintiff, or any part thereof.

On demurrer, the first prayer for relief was held insufficient upon two grounds. One was that upon the facts stated the plaintiff is not entitled to the relief sought.

Under our Practice Act the pleading is demurrable if it does not contain facts that constitute a cause of action, and also for a mistake in the relief which is sought. Practice Book (1908) p. 252, § 167. The only ground suggested by the plaintiff for considering the remedy sought by the first prayer for relief is that it has all the essential elements of an attachment for contempt in the violation of an injunction order.

It is unnecessary to inquire whether the city has been guilty of contempt of court, or whether, if so, the plaintiff now has a remedy against it therefor. This action is not adapted to serve such a purpose. For a court to grant an injunction against the threatened violation of an injunction which it had previously issued, would be novel practice. A motion for an attachment for contempt, when there is a disobedience of an injunction order, is not disconnected from the decree which it seeks to enforce. *Lyon* v. *Lyon*, 21 Conn. 185, 192. Such a proceeding is but an incident to the original action. In effect it is an application for an execution of a judgment already rendered, and should not be commenced as a separate action. *Winslow* v. *Noyson*, 113 Mass. 411. Proceedings for contempt are of two classes: criminal, which is conducted to preserve the power and vindicate the dignity of the courts and to punish disobedience of their orders; and civil, instituted to protect and enforce the rights of private parties and compel obedience to the orders and judgments of courts made to enforce such parties' rights and remedies. *Welch* v. *Barber*, 52 Conn. 147, 156. The proper course in cases of criminal contempt not committed in the presence of the court, is for

some informing officer to bring it to the attention of the court. *Church* v. *Pearne*, 75 Conn. 350, 353, 53 Atl. 955. The form of instituting and conducting a proceeding to punish for civil contempt in the courts of Connecticut is substantially as follows: a petition and motion for an attachment for contempt; an order of notice to the defendant to appear and show cause; notice to the party to appear and show cause; a hearing; the order that an attachment be issued for contempt; and the attachment for contempt. The powers of a Connecticut court to punish for contempt cannot be invoked in the manner suggested by the plaintiff in his first claim for relief.

An examination of the plaintiff's supplemental complaint shows that his anticipated injury is conjectural and based upon insufficient facts. The defendant city under its charter obtained the right to take any property necessary for the purpose of constructing and protecting its sewage system. 13 Special Laws, p. 427, § 135. It appears that under the provisions of this Act condemnation proceedings have been instituted for the purpose of taking the plaintiff's land damaged by the sewage from Springside Home. The plaintiff makes no claim that there is any informality of procedure in this transaction. His supplemental complaint is based upon the theory that these proceedings were instituted to enable the defendant to continue the violation of the perpetual injunction of 1899.

An injunction should not be granted except for the prevention of irreparable injury, and when adequate remedy cannot be obtained at law.

Section 85 of the Special Laws of 1899, p. 414, revising the charter of the City of New Haven, provides that any party who shall be aggrieved by any order made by the defendant in exercising the right of eminent domain, may "make written application for relief to the superior court, to be held in and for New Haven county. . . . Said court may, by a committee or otherwise, inquire into the allega-

tions of such application, and may confirm, annul, or modify the assessment or other action therein complained of, or make such order in the premises as equity may require, and may allow costs to either or neither party at its discretion; and said court may inquire into the validity of all the proceedings upon which said assessments or other action is based. No land taken as aforesaid shall be occupied by the city until the time for taking appeals shall have expired, and until all appeals have been finally disposed of. All such appeals shall be privileged cases in the superior court, and it shall be the duty of the corporation counsel to cause such appeals to be heard as speedily as possible."

It is apparent that the plaintiff by proper application can test the legality of the proposed condemnation proceedings, and by these means litigate the question relied upon for claiming an injunction. He should pursue this remedy, as his land cannot be occupied by the city until the time for making his application has expired and until the proceedings upon such application have been finally disposed of by the court.

An injury is irreparable when there is no legal remedy furnishing full compensation or adequate redress because of the ineffectiveness of such legal remedy, or when, owing to the delay incident to the prosecution of an action at law to final judgment and obtaining execution thereon, such judgment and process would be fruitless of beneficial results. "Where injunction is granted against the exercise of the power of eminent domain, the entry upon or appropriation of the plaintiff's land is the specific act enjoined. No injunction lies against the prosecution of condemnation proceedings when the matter which is set up as a ground for injunction may be urged as a defense in such proceedings." 5 Pomeroy on Equity Jurisprudence, § 466; 2 Lewis on Eminent Domain (2d Ed.) § 646; *Williams* v. *Elting Woolen Co.*, 33 Conn. 353. The plaintiff's second prayer for relief was properly held to be insufficient by the

court below, for the reason that he has adequate remedy at law.

There is no error.

In this opinion the other judges concurred.