It appears that on October 24, 1930, the plaintiff was granted a divorce from the defendant. The decree required defendant to pay her $20.00 per week as alimony and for the support of a minor child of the marriage, which sum was later, by order of court, reduced to $15.00 per week.
On October 11th, 1935, the court, upon plaintiff's application ordered the defendant to pay plaintiff the sum of $1,365. in stipulated installments, for the straightening of her son's teeth. The defendant, failing to comply with this order, was found guilty of contempt, whereupon it was directed that he be confined in the common jail "for a period of sixty days or until the further order of the court". He remained in confinement for the full term named and at its expiration was discharged but, according to the instant motion, has never complied *Page 45 
with the court's order that he pay plaintiff the sum fixed for his son's dental treatment.
The instant motion asks that defendant be found in contempt for two reasons, viz., (1) his failure to comply with the order contained in the decree of divorce, as subsequently modified, for the weekly payments of alimony and support for the child and (2) because of his failure to pay the amount named for his son's dental attention. It is with the latter, only, that concern is presently had. For, as to that, the defendant presents the objection that he cannot be found guilty of contempt of court for neglecting to comply with an order for which he has already been adjudged in contempt and of which contempt he has purged himself by his confinement for the full term of commitment imposed.
It has been held in New York that where a defendant has been imprisoned for the period named in a statute for failure to pay installments of alimony, he cannot be again confined for neglect to pay installments provided for and thereafter accruing from the same order. This holding is predicated upon the court's construction of a local statute. People vs.Shea, 201 N.Y. 471, 94 N.E. 1060. We have no comparable statute and up to this time, at least, no decision of the Supreme Court of Errors to a like effect. Neither counsel's nor the court's research has revealed any authority in other jurisdictions which sanctions the proposition put forward by defendant, nor, on the other hand, any that definitely negatives it. Hence, the ruling here, must be based largely on principle, rather than precedent.
Departing, therefore, from any attempt at reconcilement of purely fortuitous judicial expressions or irresponsible dicta insofar as authorities in other states might provide opportunity for the exercise of ingenuity rather than sound reasoning, the following is written so that each of the parties may not only know what conclusions are arrived at, but why and how, they result.
In the first place, stating defendant's position baldly, it comes to this: that when a court (e.g., of equity) makes an order requiring a party to a cause to perform a certain act (as e.g., as here, to pay money for dental treatments for a child, incident to a decree of divorce) the court may, if the party fails to comply, find the latter in contempt and fine him or commit him to the common jail; and if, as here, the commitment is for a specified period and the party prefers to remain *Page 46 
in confinement rather than to comply with the order, then upon his discharge from jail he is purged, and the court has exhausted its power to compel compliance with its commands, as respects that particular order by later contempt proceedings.
To reach this result, either one of two conclusions would be unavoidable, viz., (1) that the defendant's purging operates to annul the order of court for the violation of which his imprisonment was imposed, or (2) the order remains in effect and defendant continues obligated to perform it, but if the court were to attempt to compel him to do so, by contempt proceedings, it would be subjecting him to another punishment for the identical default for which he was previously confined, and this it cannot do.
The first of these certainly cannot be granted. To do so, on principle, would be to sanction the idea that orders of court could be nullified by violating them if the violation be followed by the simple device of showing further contempt for them by remaining in jail until released from confinement. On authority, the proposition is repudiated. In Maryland, for example, it has been held, denying affirmative aid to a defendant who had been confined for a period of ten days for contempt of an order to pay alimony pendente lite, (Skirvenvs. Skirven, 140 A. 205, 56 A.L.R. 697, 700, 701):
 "The fact that he was committed to jail did not operate as a rescission of the order directing him to pay alimony pendente lite and he remained in contempt until he had complied with that order in the absence of any showing that he had been discharged therefrom. . . . . The order allowing alimony and counsel fees passed nearly a year before the order from which this appeal was taken still stands in its original force and vigor. The order adjudging appellant guilty of contempt for failing to comply with that order some ten months before he filed his last petition, still stands unrevoked and unmodified."
It is determined here, therefore, that the defendant's discharge from jail after confinement for the period ordered by the court on November 26, 1935 for contempt of the court's order of October 11, 1935, did not operate to annul the court's order of the last named date, nor to exempt defendant from future compliance therewith, but that the order in question is still in effect and as binding on defendant now notwithstanding *Page 47 
his heretofore committal for contempt and his discharge from jail, as when made.
As to the second proposition, viz., that even though the order is still in effect, yet defendant cannot be again punished for contempt for failure to obey it, in view of the fact that he has previously been so punished, this falls, if it be granted that the order of October 11, 1935, still stands and is binding upon him. For as noted, supra, defendant's discharge following his commitment to jail, was not a discharge from his duty to obey the order of court, but only a purge of the order finding him guilty of contempt. Necessarily, when he stepped beyond the portals of the common jail, the command of the court was as heavy upon him as when he entered.
The present proceeding seeks no punishment for the defendant for conduct for which he has already been punished, but for other conduct in which defendant has engaged or persisted since his discharge. Defendant in his argument inadvertently concedes this. For if it be admitted that if the court were to enter a new order to the same effect as the original one, defendant might be held for contempt if he violated it, then the same result follows if the original order has continued in effect. If the conclusions reached, supra, be sound, then defendant's only complaint would seem to be directed at the court's leniency in ordering on November 26, 1935, that he be confined for a period of sixty days instead of directing that he be committed for an indefinite period and until he complied with the court's order or succeeded in purging himself otherwise.
If the reasoning upon which the determinations made here is sound there can be no question of former jeopardy as urged by defendant. This is so (a) because any punishment which may be visited upon defendant in the instant proceeding is not for his failure to obey the court's order prior to his former commitment, but for his refusal or neglect to do so since his discharge from jail. Identity of offense is, therefore, lacking; and (b) because punishment for contempt of a court's order is not punishment for a criminal offense. Middlebrook vs.State, 43 Conn. 257, 267.
Thus finding one guilty of contempt of court, does not preclude finding him guilty of breach of the peace for the same conduct as constitutes the contempt. Neither is it required that the person accused of contempt be present when punishment is imposed if the contempt occurred in the presence *Page 48 
of the court. Middlebrook vs. State, supra. Nor is one accused of a criminal contempt entitled to a trial by jury.Huntington vs. McMahon, 48 Conn. 174, 175.
Where the contempt is criminal the principal analogy which it possesses to a criminal prosecution is with respect to procedure.Middlebrook vs. State, supra; Huntington vs. McMahon,supra; Goodhart vs. State, 84 Conn. 60, 93; Welchvs. Barber, 52 Conn. 147, 157; Tracy vs. Williams, 4 Conn. 107,112, 113; Church vs. Pearne, et als., 75 Conn. 350, 355.
While, if it be civil the particular incidents common to a criminal prosecution which it has is as respects reasonable notice of the hearing to be had and opportunity to be present and be heard. Gorham vs. New Haven, 82 Conn. 153, 156.
But these are equally mandatory in civil actions to insure no offense against the due process of law provisions of the federal constitution.
Enough has been said to indicate that other than in procedural requirements little affinity exists between a criminal prosecution and a proceeding in criminal contempt. Since the prior order finding defendant in contempt resulted from the violation of an order made for the benefit of a party to an action and was instituted in the manner outlined in Gorhamvs. New Haven, supra, rather than in that involved, e.g., inHuntington vs. McMahon, supra, and as pointed out in Welchvs. Barber, supra, it must be viewed as civil in character.Gorham vs. New Haven, supra. As such it is not cognizable as a violation of the United States Constitution. See Middlebrookvs. State, supra, p. 267.
This extended examination is felt justified because of the practical implications of the objections advanced by defendant, which, of course, assail the court's power to entertain the instant proceedings or any other of like character under comparable circumstances, as well because of the paucity of definite authority decisively in point.
 The matter will be set down for hearing on Monday, April 26th, 1937, at Bridgeport at 10:00 o'clock in the forenoon, unless the court is advised in the interim that the orders of court, disobedience to which is claimed to have occurred, have been complied with or a mutually satisfactory adjustment made between the parties.