[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, David D'Addario, Lawrence D'Addario, Lawrence B. Schwartz, and Albert Paolini, executors of the estate of F. Francis D'Addario, bring this action seeking preliminary and permanent injunctive relief against the defendant, Virginia D'Addario.
By consent of the parties, the hearing on the application for temporary injunctive relief was converted to a hearing on the permanent injunction. See Waterbury Hospital v. Connecticut Health Care Associates, 186 Conn. 247, 248 (1982; Doublewal Corporation v. Toffolon, 195 Conn. 384, 392 (1985).
the parties filed no briefs in support of their positions as to issues of law.
The court finds the facts to be as follows. On November 30, 1987, the executors of the estate of F. Francis D'Addario entered into an agreement with defendant Virginia D'Addario, a daughter and one of several beneficiaries, via a trust, of the assumption of indebtedness of up to $2.5 million and a cash payment of a approximately $1.4 million to the defendant as an advance against the defendant's eventual receipts from the trust and/or the estate. In consideration for these benefits, the defendant signed a note to be allocated to the trust of which she was a beneficiary and agreed, at paragraph 5 of the agreement that:
 a) From on and after the signing of this agreement she shall not be entitled to and will not participate in or take part in Estate deliberations or decisions as regards the Estate or its property. She further waives any and all rights in equity and in law which may now or hereafter exist in her favor against the Executors as regards their administration of the Estate and the validity of their decisions, including the rights to maintain a lawsuit of any nature against the Executors or the Estate in any matters relating to the Estate, its administration, the businesses or business interest of the Decedent, or sales or CT Page 3693 dispositions of the Decedent's properties, except for willful fraud, malfeasance or dishonesty. Material data involving the Estate will be furnished to counsel appointed by Virginia from time to time on a periodic basis.
The defendant was represented by legal counsel at the time she entered into this agreement.
After the effective date of the agreement, the defendant filed the following lawsuits:
1. Docket No. 25 87 61 — Virginia D'Addario Appeal from Probate, appealing an order of the Probate Court authorizing the executors to enter into a guaranty of certain obligations of BEZ, Inc. on the ground that the transaction was financially imprudent.
2. Docket No. 27 44 67 — Virginia D'Addario Appeal from Probate, appealing the probate court's denial of a pro hac vice application by New York counsel to file an appearance and to represent her in the Trumbull probate court with regard to her objections to an interim accounting filed by the executors.
3. Docket No. 27 65 12 — Virginia D'Addario Appeal from Probate, appealing a ruling of the probate court dated October 2, 1990 granting certain unspecified applications as being in "the best interests of the creditors and the heirs of the D'Addario estate."
4. Docket No. 27 59 89 — Virginia D'Addario v. Estate of F. Francis D'Addario, appealing from the ruling of the probate court permitting the sale of certain assets and claiming that the appraised value of certain of the assets to be sold exceeded the proposed sale prices.
5. Docket No. 26 91 21 — Virginia D'Addario Appeal from Probate, appealing a ruling by the probate court denying for lack of standing a motion she filed titled Motion for Additional Disclosure in connection with an interim accounting filed by the executors of the estate.
The plaintiffs claim that the agreement set forth above precludes the maintenance of these appeals and seek an injunction prohibiting the defendant from a) pursuing these cases and b) filing any other litigation precluded by her agreement.
The defendant has filed no brief. At trial, the plaintiff's objections to the requested injunctive relief were CT Page 3694 limited to the following claims:
1) the agreement is void because a person identified on the signature lines as an executor did not sign the agreement;
2) the agreement should be interpreted to preclude only direct suits against the executors, not appeals from the rulings of the Probate Court;
3) the defendant is not bound by the agreement because the plaintiffs breached it by failing to provide her counsel with "material data involving The Estate";
4) her right of recourse to the courts is constitutionally guaranteed and is not waivable.
The defendant does not assert that any of the lawsuits listed above include claims of willful fraud, malfeasance or dishonesty by the executors.
The court finds that the agreement was made at a time when the defendant was experiencing losses in her own business ventures and was considering filing in bankruptcy. The text of the agreement was prepared by the attorney for the estate and reviewed by the defendant's attorney. It was then approved by the Probate Court. The defendant testified that she was under the impression that Paragraph 5 of the agreement, set forth above, applied only to direct suits against the executors, not to appeals from rulings or approvals issued by the Probate Court. Paragraph 16 of the agreement, however, states that Virginia D'Addario "is entering into this Agreement freely with a full understanding of all its provisions and consequences."
I. COMPLETENESS OF EXECUTION OF THE AGREEMENT
The defendant contends that the agreement is unenforceable because it was not signed by all of the executors. The signature page reveals a bland signature line for F. Lee Griffith. Another executor, David D'Addario, testified that Griffith resigned as an administrator at some time during the preparation of the agreement. He further testified without contradiction that the probate court approved the agreement. The defendant has not established that the agreement was unenforceable unless signed by all executors, nor has she presented evidence to establish that Griffith was an executor on the date of execution of the agreement.
II. SCOPE OF THE AGREEMENT
In professing to have understood that paragraph 5(a) CT Page 3695 foreclosed her only from direct suits against the executors and not from filing appeals from the probate court's approval of their actions, the defendant sets up a false dichotomy. An appeal from probate is a trial de novo of the claims raised in the probate court Baskin's Appeal from Probate, 194 Conn. 635,641 (1984); Prince v. Sheffield, 158 Conn. 286 (1969); and the Superior Court in such appeals exercises the statutory jurisdiction of the probate court, sitting as a probate court and making an independent determination of the issues raised by the appeal. Marshall v. Kleinman, 186 Conn. 67, 69 (1982); Satti v. Rago, 186 Conn. 360, 365 (1982). Thus, review of the various decisions of the executors at issue in four of the five cases filed by the defendant does not involve a review of the exercise of the powers of the probate court but a trial of the actual claims of deficiencies in estate administration. This court finds that such litigation is precluded by the terms of paragraph 5(a) of the agreement.
Docket No. 26 91 21, (Case #5 listed above), is of a different nature. It concerns the defendant's right to receive information about the estate, a right she did not agree to relinquish and which was preserved in paragraph 5(a) of the Agreement.
III. CLAIM OF PRIOR BREACH BY PLAINTIFFS
The defendant claims that the plaintiffs are not entitled to enforce the agreement because they were in breach themselves by failing to furnish "material data involving the Estate" to "counsel appointed by Virginia from time to time in a periodic basis" as required by the last sentence of paragraph 5(a). At trial, the defendant testified that her designated counsel was provided with interim probate accountings applicable to the periods of December 1, 1987 to July 1988 and from August 1, 1988 to September 1989. She testified that she did not receive a copy of another such accounting prepared since September 1989, however she did not establish by a preponderance of the credible evidence that she had appointed counsel to receive such information or that the plaintiffs failed to furnish information to such counsel. The court finds that the defendant failed to prove that the plaintiffs were in breach of the agreement.
IV. ENFORCEABILITY OF PARAGRAPH 5(a)
The defendant claims that paragraph 5(a) of the agreement is unenforceable because enforcement would deprive her of a constitutional right to resort to the courts. The defendant has not identified the provision of the state and federal constitutions she is invoking, and has left the court to assume that Article I 10 of the State Constitution and the due process CT Page 3696 clause of the Fourteenth Amendment to the Constitution of the United States are at issue.
The right to seek redress of grievances in the courts is indeed constitutionally guaranteed, however this constitutional right, like others, is waivable so long as the waiver is knowing and intelligent and is accomplished with sufficient awareness of the relevant circumstances and likely consequences. State v. Shockley, 188 Conn. 687, 706 (1982); State v. Reed, 174 Conn. 287
(1978).
The determination of whether there has been an intelligent waiver of a constitutional right has been held to depend upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the party claimed to have waived his or her right. Johnson v. Zerbst,304 U.S. 458, 464 (1938).
The defendant is a middle-aged woman who has been engaged in substantial business interests and who was represented by counsel at the time she signed the detailed agreement by which she received an advance payment of $1.4 million plus a loan in the amount of $2.5 million to relieve her of the demands of creditors. The agreement reveals that relief from the defendant's participation in or objections to the administration of the business ventures of the estate was a considerable reason for the substantial advanced to her, and the court does not find cogent her present interpretation that such substantial assets were advanced in exchange for a promise to forbear from only a very limited category of claims.
The defendant was represented by counsel throughout the transaction and had an opportunity to review the agreement and propose amendments with the help of counsel.
Under all the circumstances, the court finds the defendant's waiver to have been knowing, intelligent, and voluntary.
STANDARDS FOR INJUNCTIVE RELIEF
Injunctive relief will be granted only upon a showing that the movant's right is cleat, Powers v. Ulichny, 185 Conn. 145,147 (1981) and that the movant will otherwise suffer irreparable harm for which there is no adequate remedy at law. Berin v. Olson. 183 Conn. 337, 340 (1981); Hartford v. American Arbitration Association, 174 Conn. 472, 476 (1978).
The injury claimed by the plaintiffs is the need to defend against claims of a variety that the defendant agreed not to CT Page 3697 assert in the written agreement invoked. Defense of those claims necessitates expenditures of time and money and the estate. The "irreparability" of an injury is, according to the Connecticut Supreme Court, dependant "more upon the nature of the right which is injuriously affected than upon the pecuniary loss suffered." Berlin v. Olson, supra, at 341.
An injury is irreparable when there is no legal remedy that will furnish full of adequate redress. Gorham v. City of New Haven, 82 Conn. 153 (1909). A remedy at law, to exclude equity jurisdiction, must be as complete and beneficial as the relief in equity. Berlin v. Olson, supra, at 342; Beach v. Beach Hotel Corporation, 117 Conn. 445, 452 (1933).
The pecuniary harm caused by the pursuit of the five lawsuits in ongoing. With each new motion filed, the plaintiffs are put to expense and inconvenience, and the pendency of the actions deprives of finality their actions as executors. Repetitive resort to the courts to recover legal damages as to a continuing harm is plainly less complete and beneficial a remedy than injunctive relief against the infliction of that harm.
The plaintiff's right to relief is clear, and they have no adequate remedy at law for the irreparable injury to which the maintenance of the defendant's lawsuits is subjecting them.
Accordingly, it is hereby ordered that the defendant, Virginia D'Addario, and her agents, servants, and employees should be and hereby are enjoined from pursuing in any way the following lawsuits:
 Docket No. 25 87 61 Docket No. 27 44 67 Docket No. 27 65 12 Docket No. 27 59 89
and judgment shall enter herein in favor of the plaintiffs as to their claims concerning those lawsuits.
As to Docket Number 26 91 21, the plaintiffs have failed to prove by a preponderance of the evidence that the defendant contractually relinquished her right to bring such a claim, and judgment shall enter in favor of the defendant as to that claim.
The plaintiff further seek an injunction prohibiting the defendant from filing further lawsuits in the future. Since it is impossible to ascertain whether any such suits would in fact be within the scope of paragraph 5(a) of the agreement, no such prospective relief can be awarded. CT Page 3698
The plaintiffs shall recover their costs herein.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT