[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 7, 1997
The plaintiff, Nicholas Owen, has filed a two-count amended complaint dated February 27, 1997, against the defendants, Robert Schinelli and Charles Monaco, members of the Board of Directors of BreakWater Key Association, Inc., a condominium association. The defendants are alleged to have moved for a special meeting of the association. The plaintiff alleges in count one that the purpose of the special meeting, held on January 7, 1997, was to remove or replace a board member who was elected or appointed by the Board to finish out another member's term. The plaintiff claims there are no adequate guidelines within the by-laws of the association by which to call a special meeting for such a purpose. The plaintiff also claims that notice of the special meeting was defective, and that the named defendants have attempted to use this procedure to upset the Board, harming the plaintiff and others. The second count alleges that Schinelli improperly handled proxy votes in various ways, which harmed the plaintiff, Board, and others. The plaintiff also claims that Schinelli violated proxy bylaw procedures, and that Schinelli may CT Page 3156 not have been entitled to call the January 7, 1997 special meeting due to his improper election. As to both counts, the plaintiff claims there is a lack of adequate legal remedy and prays for an injunction restraining the defendants from using the special meeting to remove a director elected or appointed to finish out the term of another director, and restraining Schinelli from voting as a member of the Board.
The defendants responded to the original complaint with a "Motion To Dismiss and/or Motion To Strike filed on January 29, 1997. The defendants assert that the court lacks jurisdiction over this cause of action or to grant the relief requested and that the requirements of an action challenging the election of corporate directors have not been met. The plaintiff, on May 30, 1997, filed a "Memorandum In Opposition To Motion To Dismiss, " arguing that its amended complaint removes any jurisdictional flaws.
"A motion to dismiss . . . attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 533,590 A.2d 914 (1991)."The function of the motion to strike is to test the legal sufficiency of a pleading . . ." Napoletano v. CignaHealthcare of Connecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127
(1996). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Town of Old Saybrook 225 Conn. 177, 185,621 A.2d 1322 (1993). "That should be done, instead, by a motion to strike, . . . the practical difference being that if a motion to strike is granted, the party whose pleading is stricken is given an opportunity to repeal in order to avoid a harsh result." (Citation omitted.) Anderson v. Schieffer, 35 Conn. App. 31, 37,645 A.2d 549 (1994).
The defendants argue that the counts of the complaint seeking injunction relief are legally insufficient. The court does have subject matter jurisdiction to hear this cause of action, and shall treat the instant motion as a motion to strike. With respect to the defendants' other argument, that a court in equity generally lacks jurisdiction to remove officers of a private corporation in the absence of express authority to do so, General Statutes § 33-1089[1] supplies the express authority and procedures for the superior court to hear such cases.[2]
CT Page 3157
The defendants first argue that the plaintiff has failed to adequately demonstrate that he has been irreparably harmed by the defendants' actions, and that he lacks an adequate remedy at law. The defendants also argue that the plaintiff does have an adequate remedy at law under General Statutes § 33-449, which is now § 33-1089, but the plaintiff has not pled a cause of action under this statute and has not included the association as an indispensable party.
The plaintiff argues that by filing the amended complaint naming the association as an indispensable party under General Statutes § 33-1089(c), any jurisdictional flaws contained within the original complaint have been cured.
"A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law." Pet v. Department of Health Services, 207 Conn. 346, 370,542 A.2d 672 (1988). "The issuance of an injunction rests in the sound discretion of the trial court." (Internal quotation marks omitted.)Id. "An injury is irreparable when there is no legal remedy furnishing full compensation or adequate redress because of the ineffectiveness of such legal remedy, or when, owing to the delay incident to the prosecution of an action at law to final judgment and obtaining execution thereon, such judgment and process would be fruitless of beneficial results." Gorham v. NewHaven, 82 Conn. 153, 157, 72 A. 1012 (1909). "An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and completely." Burchettv. Roncari, 181 Conn. 125, 129, 434 A.2d 941 (1980).
The court finds that the plaintiff has not alleged facts sufficient to indicate that an injunction is appropriate under the circumstances, as an adequate legal remedy exists. Under General Statutes § 33-1089(a), an aggrieved person may apply to the superior court, which "shall forthwith hear and determine the validity of any election or appointment of any director or officer of a corporation and the right of any person to hold such office . . . and confirm the election or appointment, order a new election as provided in section 33-1063 or direct other relief as may be just and proper." General Statutes § 33-1089 thus provides an immediate and complete remedy, making an injunction unnecessary.
Although the plaintiffs amended complaint includes the CT Page 3158 association as a party, the plaintiff has failed to plead the elements of the statute. Practice Book § 109A provides in pertinent part that "[w]hen any claim in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number." Despite the fact that Practice Book § 109A has been held "merely directory and not mandatory, "Steele v. Stonington, 225 Conn. 217, 223, 622 A.2d 551 (1993), here there is no indication the plaintiff intended to seek relief under the statute. The amended complaint simply added the association as a party.[3] Since the plaintiff has not filed an appropriate application with the superior court pursuant to §33-1089
CONCLUSION
The defendants' motion to strike the plaintiff's complaint should be granted.
Skolnick, J.