[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR PRELIMINARY INJUNCTION # 101
The plaintiffs, Crow's Nest Condominium Association and Dorthea Brennan, have filed an application for a preliminary injunction against the defendants, Jon Karageorge, Peter Worhunsky, Brian Lockhart, Thomas Corr and Jeff Anderson. The plaintiffs allege that Brennan and Karageorge each own one of the two units comprising the association, with Brennan controlling 55 % and Karageorge controlling 45 % of the Crow's Nest Condominium. The plaintiffs also allege that Karageorge has rented his unit to the remaining defendants, who are Fairfield University students and are unrelated to each other. The plaintiffs allege that the rental to the unrelated students violates the association by-laws which allow for rental to families only. The plaintiffs initially sought preliminary and permanent relief requiring the defendants CT Page 2264 to comply with the by-laws, and specifically, enjoining the rental of Karageorge's unit and voiding any present lease until the outcome of this action has been determined. The plaintiffs, however, have stipulated that the students are "good neighbors." Based upon this fact, the plaintiff now seeks a preliminary injunction stating that the existing lease may stay in effect until May 30, 1999, "so long as there are no more than four students occupying Unit 2 and that they remain law abiding; that there shall be no more than four cars parked at Unit 2 at any one time; and that the defendant Karageorge may not enter into a new lease for Unit 2 with individuals who are not related by blood, marriage, or adoption, and if he has already entered into such a lease, that it be rescinded. . . ." (Memorandum In Support of Application For Preliminary Injunction, p. 9).
"A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law." Advest, Inc. v. Wachtel, 235 Conn. 559, 562-63,668 A.2d 367 (1995). The harm must also be imminent. Emhart Industries,Inc. v. Amalgamated Local Union, 190 Conn. 371 403. 461 A.2d 422
(1983). The issuance of an injunction rests in the sound discretion of the trial court Advest v. Wachtel, supra,235 Conn. 563. "An injury is irreparable when there is no legal remedy furnishing full compensation or adequate redress because of the ineffectiveness of such legal remedy, or when, owing to the delay incident to the prosecution of an action at law to final judgment and obtaining execution thereon, such judgment and process would be fruitless of beneficial results." Gorham v. New Haven,82 Conn. 153, 157, 72 A. 1012 (1909). "Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction the party seeking it will suffer irreparable harm."Karls v. Alexandra Realty Corp, 179 Conn. 390, 402, 426 A.2d 784
(1980). "An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and completely." Burchett v. Roncari, 181 Conn. 125, 129,434 A.2d 941 (1980).
The plaintiffs argue that Brennan has a right to expect that Karageorge, as the owner of unit two, abide by the by-laws of the association. Specifically, the plaintiffs contend that Karageorge must abide by the definition of the word "family" as used m the by-laws, where "family" allegedly refers only to persons living together as a single housekeeping unit who are related by blood, marriage or adoption, together with their servants. The CT Page 2265 plaintiffs also argue that Brennan is likely to prevail on the merits based upon her testimony at the hearing on this matter, the lack of rebuttal testimony by Karageorge, the failure of the remaining defendants to appear and testify, and the form of self-help already exercised by Karageorge. In addition, the plaintiffs argue that Brennan will suffer irreparable harm if Karageorge is not enjoined from renting his unit to two or more persons who do not fit the association's definition of "family." The plaintiffs contend that the present rental situation causes Brennan to lose the enjoyment of the type of neighborhood she expects.
The defendants argue that since the association by-laws do not define what the word "family" means, reference must be made to the Town of Fairfield zoning regulations as applied to the Beach District. The defendants argue that using this definition, up to four unrelated individuals can lawfully occupy unit two. The defendants also contend that the definition under the zoning regulations is consistent with the common definition of the word "family." Finally, the defendants argue that the plaintiffs have failed to prove that more than four people occupy unit two, and that even if there were more occupants than allowed by the regulations, the appropriate remedy is to bring the matter to the attention of the zoning enforcement officer.
"Courts of equity have inherent authority to intervene by injunction to protect property rights where necessary and no adequate remedy at law is available. Van Tassel v. Spring PerchCo., 113 Conn. 636, 646, 155 A.2d 832 (1931). If a party's wrongful actions `pose a threat to some unique property interest, so that the injury will be irreparable and damages will not compensate for the loss of that property, the court will fee free to issue an injunction inasmuch as there is no adequate legal remedy.' 11 Wright Miller Federal Practice and Procedure § 2944 at 399." Gattoni v. Zaccaro, Superior Court, judicial district of New London at New London (March 2, 1998, Hurley,S.J.R.).
This court concludes that the plaintiffs have fairly demonstrated that their interest in enforcing the "family" provision of the condominium declarations is unique, and that they are without an adequate legal remedy to enforce the provision. The harm sought to be avoided is imminent in that there is nothing preventing Karageorge from entering into another lease between now and May of 1999 which is not in accordance with CT Page 2266 the spirit of the declarations. The harm suffered by the plaintiffs is irreparable. A breach of contract claim would only afford the plaintiffs monetary damages, and a decision in favor of the plaintiffs on such an action would not prevent Karageorge from renting again to persons not related by blood, marriage or adoption. In addition, the length of time associated with prosecuting such an action is likely to nullify such a victory. The plaintiffs have also demonstrated that they are likely to prevail on the merits of their case. Based on the evidence submitted at the hearing on this matter, Brennan made clear to Karageorge the narrow definition of "family" as used in the declarations before Karageorge bought unit two. There is also evidence that Karageorge has rented unit two to at least four unrelated persons. Finally, the issuance of the injunction strikes a sound balance of equities. Brennan has conceded that the present tenants are good neighbors and in turn does not seek to have them evicted. Thus, Karageorge can continue to collect rent on the property. This preserves the status quo between the parties, which is a primary purpose of a temporary injunction.
For these reasons, the court grants the plaintiff's request for a temporary injunction pursuant to the terms of the order attached to the plaintiff's memorandum filed December 4, 1998, with the exception of that provision which limits to four the number of automobiles which can be parked at Unit 2 at any one time.
David W Skolnick, Judge CT Page 2267